The Lehigh Coal & Navigation Company, Appellant, *v.* Fanny Evans, Eliza Scott, George Evans, Louisa Reese and Ralph Reese, her Husband, Margaret Evans, Thomas Evans, Sallie Evans and James H. Gallagher.

*Evidence—Question for jury—Parol evidence.*

Where a case depends on oral testimony, such testimony must be submitted to the jury.

*Evidence—Deed—Condition—Ejectment.*

In an action of ejectment, where the plaintiff relies upon the breach of a condition alleged to have been contained in a lost deed, and offers the testimony of two witnesses as to the terms of the condition, the case is for the jury, although the defendant offers no testimony to contradict the testimony offered by the plaintiff as to the contents of the lost deed.

Argued March 10, 1896. Appeal, No. 200, Jan. T., 1896, by plaintiff, from judgment of C. P. Carbon Co., Oct. T., 1891, No. 20, on verdict for defendants. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Ejectment for land in the borough of Lansford. Before ALBRIGHT, P. J.

The facts appear by the opinion of the Supreme Court.

Plaintiff's points were as follows:

1. The uncontradicted evidence of Bernard Barron and George Ruddle in the case is that the deed dated December 19, 1871, from the Lehigh Coal & Navigation Company to Bernard Barron for lot No. 74 East Ridge street, the lot in question, contained the following condition, to wit: "Provided always, nevertheless and upon condition that if the said Bernard Barron, his heirs or assigns, or any other person occupying the said lot or piece of ground, No. 74, East Ridge street aforesaid, shall at any time hereafter upon the said lot or piece of ground, sell, vend, or dispose of any beer, wine, rum, brandy, whiskey, or any other fermented, vinous, spiritous, or other intoxicating drink, either with or without license so to do, that then and immediately thereupon, as well the present indenture, as the estate hereby granted, shall cease, determine and become abso-

lutely void, and the estate and premises hereby granted, with all the buildings and improvements thereon erected, shall thereupon revert to the said, the Lehigh Coal and Navigation Company, its successors or assigns, and the said Company, its successors or assigns, may re-enter upon and hold possession and enjoy the said described premises as of their former estate, and as if this indenture had never been made." And that the defendants held their estates subject to that condition the breach of which is admitted and has been duly proved. *Answer :* Whether said condition was in said deed is to be determined by the jury. Barron did not testify exactly as to the words set forth. What these witnesses testified has not been contradicted. Thus explained the point is affirmed. [1]

6. Under the uncontradicted evidence of George Ruddle and Bernard Barron as to the condition contained in the deed of December 19, 1871, and of the violation of such condition as established by the evidence of the plaintiff and defendants, and the uncontradicted evidence of George Ruddle, the land agent of the plaintiff, that the first knowledge of such violation was obtained in September, 1888, the verdict of the jury must be for the plaintiff. *Answer :* Negatived.

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Fergus G. Farquhar* and *John W. Ryon, James S. Loose* and *Douglas Craig* with them, for appellant.—It is error to leave to the jury, as open and undetermined, a question of fact, upon which the evidence is uncontradicted, unimpeached and unrebutted : Reading & Columbia R. R. v. Ritchie, 102 Pa. 425 ; Howard Express Co. v. Wile, 64 Pa. 205 ; Egbert v. Payne, 99 Pa. 245.

The preliminary question for the court was whether there was any evidence that ought reasonably to satisfy the jury that the fact proved by the plaintiff had been disproved or avoided by the defendant; if not, then it was the duty of the court to direct a verdict for the plaintiff : R. R. v. Yerger, 73 Pa. 124 ; McCracken v. Roberts, 19 Pa. 391 ; Koons v. Steele, 19 Pa. 210.

In this case it was especially incumbent upon the trial judge to protect the plaintiff from the prejudice and sympathy of the

jury.   The two former trials of it, one of them before the same judge who presided at the last trial, had shown that the jury had disregarded its duty, and the oath of its members, and returned verdicts against the evidence: Holden v. Penna. R. R., 169 Pa. 1.

*Frederick Bertolette, Edward M. Mulhearn* with him, for appellees.—The judge could not give binding instruction for the plaintiff without invading the province of the jury, and his refusal to set aside the verdict or grant a new trial shows that he considered the verdict justified by the evidence: Grambs v. Lynch, 20 W. N. C. 376; Bank v. Donaldson, 6 Pa. 178; Reed v. Elder, 62 Pa. 308; Fulton v. Lancaster Co., 162 Pa. 306; Jessop v. Ivory, 37 W. N. C. 265: Penna. R. R. v. Goodman, 62 Pa. 329.

We contend that notices published in pursuance of acts of assembly were constructive notice to the real estate agent of the company: Kellogg v. French, 15 Gray, 354; 16 Am. & Eng. Ency. of Law, 791; O'Neal v. Virginia Bridge Co., 18 Md. 1.

The right of re-entry might have been enforced upon the breach of the condition of the deed if done at once or within reasonable time; but the condition, being a condition subsequent, if the breach was acquiesced in by the grantor, and valuable improvements made, forfeiture of the estate should not, after long delay, be permitted.   Courts of equity always lean against a forfeiture: Newman v. Rutter, 8 Watts, 55; Navigation Co. v. Early, 162 Pa. 338; Sharon Iron Co. v. Erie, 41 Pa. 351; Morgan v. McKee, 77 Pa. 228; Sanders v. Pope, 12 Vesey, 282; Paschall v. Passmore, 15 Pa. 295; McKnight v. Kreutz, 51 Pa. 232; Helme v. Phila. Life Ins. Co., 61 Pa. 107; Munroe v. Armstrong, 96 Pa. 307; Westmoreland Nat. Gas Co. v. DeWitt, 130 Pa. 235; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173.

OPINION BY MR. JUSTICE McCOLLUM, May 28, 1896:

In 1871 the Lehigh Coal & Navigation Company, being then the owner in fee of the lot in dispute, agreed with Bernard Barron to sell and convey the same to him.   The deed in consummation of their agreement was made on the 19th of December, 1871, and delivered to the grantee on the 23d of

May, 1872. On the 5th of July, 1872, Barron conveyed the lot to James Gallagher as security for a loan, and Gallagher on the request of Barron conveyed the same on the 11th of October, 1876, to George Evans, who died in 1889, and whose widow and heirs are the real defendants in this action. Barron, soon after his purchase of the lot, built a house upon it which at the time of the sale to Evans was worth about $1,500, and Evans soon after his purchase of the property expended from $1,600 to $2,000 in making additions to the house built by his vendor. Since Barron built the house upon the lot the property has been occupied continuously as a hotel, and the owner or tenant of the owner has openly sold liquor there under a license from the court of quarter sessions of Carbon county.

It was alleged on the trial that there was a condition in the deed to Barron to the effect that if he or his assigns should sell liquor on the premises at any time, with or without a license so to do, the deed should be void and the title to the lot, with the improvements upon it, should revert to his grantor. This deed was not recorded, or produced on the trial. Barron testified that he gave it to Evans when the latter bought the property, and Mrs. Evans testified that her husband made her the custodian of all his papers and that the only deed of the property he brought to her when he concluded his purchase, or at any other time, was the deed from Gallagher to him. As the Barron deed could not be found, the plaintiff was compelled to rest its contention in regard to the alleged condition in it upon oral testimony. The witnesses called to support this contention were George S. Ruddle and Bernard Barron; the former was the plaintiff's real estate agent, and the latter was its grantee. The testimony of Ruddle was to the effect that there was a printed condition in the Barron deed which annulled it if the grantee or his assigns should at any time sell liquor upon the lot therein described. When asked how he knew that the condition was not written, he replied, "I know from my recollection and the forms of deeds I have had from that time to this." Whether his recollection was independent of or dependent upon "the forms of deeds" he referred to he did not say. But, as he was testifying in 1895 to the contents of a deed he delivered to Barron in 1872 and that he had not seen since, it may be reasonably inferred that his recollection was materially affected

by a recent inspection of "the forms of deeds" in his possession at or near the time of trial. According to his testimony the deed originally prepared for Barron was destroyed and the deed that was delivered to him was a substitute for it. The condition in the first deed in regard to the sale of liquor was written, but the witness was unable to state the language of it, or how it differed from the condition alleged to have been printed in the deed that was delivered. Ruddle also testified that he had no positive knowledge previous to 1888 that liquor was sold on the property in violation of the condition in the deed under which it was held. Barron's testimony in relation to the condition was not as full and specific as the testimony of Ruddle, but while it was not exactly like his testimony on a former trial it was substantially in accord with the plaintiff's contention.

The counsel for the plaintiff requested the court to say that upon the evidence of Ruddle and Barron "the verdict of the jury must be for the plaintiff." Whether the court erred in refusing to say so is the only question raised on this appeal. As we understand the contention made in support of the appeal, it is that, in any case in which the evidence given by plaintiff's witnesses is uncontradicted and, if believed, would entitle him to recover, it is the duty of the court to instruct the jury that their verdict must be in his favor. We think there is no warrant in any of the decisions of this court for such a proposition. In Reel v. Elder, 62 Pa. 316, SHARSWOOD, J., in delivering the opinion of the court said : "However clear and indisputable may be the proof when it depends upon oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence." In Grambs v. Lynch, 20 W. N. C. 376, it was held by the court below that "where a witness goes upon the witness stand and swears positively to a fact and that fact is not contradicted, it is established and there is nothing to submit to the jury." When the case was brought to this court the judgment was reversed in an opinion by PAXSON, J., who, referring to this ruling, said : "This is an erroneous statement of the law. There is the question of the credibility of the witness and this

cannot be taken from the jury. It is their duty to credit a witness if there is no good reason to the contrary, but the mere manner of a witness may discredit him with a jury, and his story may be so against all the probabilities of the case that the jury may be justified in not believing him. It is settled law, where a case depends upon oral testimony, that such testimony must be submitted to the jury." See also Bank v. Donaldson, 6 Pa. 179, and Madara v. Eversole, 62 Pa. 165. The jury are the judges of the credibility of the witnesses, as has been held very many times before, and it is not in the province of the court to defeat their verdict upon the theory that they should have believed differently: Fulton v. Lancaster County, 162 Pa. 306. There is nothing in any of the cases cited by the plaintiff's counsel at variance with the foregoing views. Koons v. Steele, 19 Pa. 203, and McCracken v. Roberts, 19 Pa. 390, were actions of ejectment in which the plaintiffs had the legal title and the defendants relied on the statute of limitations as a bar to it. In each case it was held that the evidence was not sufficient, if believed, to give title under the statute, and the judgment in favor of the defendant was reversed. Howard Express Co. v. Wile, 64 Pa. 205, was an action against common carriers for a loss alleged to have been caused by their negligence. The plaintiff's own evidence showed that they had fully performed their duty. "Here the plaintiff rested, and here he might have been nonsuited had a motion for that purpose been made." The defendants then showed what they did in relation to the delivery and safe keeping of the lost package, and as there was no evidence in the case to warrant an inference of negligence it was held that the plaintiff could not recover. In Reading & Columbia Railroad Co. v. Ritchie et al., 102 Pa. 425, it was held that in an action to recover damages for alleged negligence, if the undisputed evidence discloses no negligence on the part of the defendant, it is error to submit it to the jury as an open question, and also that, where there is affirmative and uncontradicted evidence of contributory negligence by the plaintiff, the court should instruct the jury that if they believe the witness their verdict must be for the defendant. In Railroad Co. v. Yerger, 73 Pa. 121, it was held that as there was no evidence to justify an inference of negligence the jury should have been instructed to find for the defendant. In Egbert v. Payne, 99 Pa. 239, it was held

that the prima facie presumption is that a fund deposited in a bank belongs to the person in whose name it has been deposited, and that where such fund is claimed by another party the burden of proof is upon him to establish his ownership.

We are unable to discover anything in the above cited cases that lends any support to the plaintiff's contention on this appeal. There is a broad and plain distinction between a direction to find for the defendant where the plaintiff's evidence if believed is insufficient to sustain his claim, and a direction to find for the plaintiff when his case depends entirely upon oral testimony.

We find nothing in the record of which the plaintiff has any just cause to complain. The case was clearly for the jury upon all the evidence in it.

Judgment affirmed.