## Summerville, Appellant, *v.* Apollo Gas Company.

*Oil and gas lease—Production in paying quantities—Forfeiture.*

Where an oil and gas lease was for two years " and as much longer as oil and gas are found in paying quantities," the court may say as a matter of law that the lessor has no right to forfeit the lease at the end of two years because during that time no oil or gas had been marketed, where the undisputed evidence is that the production from a well on the land was one million feet per day, worth, when piped and conveyed to a market, from three to five cents per thousand feet.

In an action of ejectment to recover property covered by an oil and gas lease, where the question before the court is the plaintiff's legal right to possession, and this is to be determined by the construction to be placed upon the lease and upon the undisputed evidence as to the facts, it is proper

---

* Also reported 14 N. E. Repr. 932.—Reporter.

to exclude evidence offered upon the part of the plaintiff to show that possession had been taken under a claim of forfeiture.

Argued Oct. 14, 1903. Appeal, No. 96, Oct. T., 1903, by plaintiff, from judgment of C. P. Clarion Co., Nov. T., 1901, No. 173, on verdict for defendant in case of E. M. Summerville v. The Apollo Gas Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for oil and gas under land in Porter township. Before WILSON, P. J.

The opinion of the Supreme Court states the case.

At the trial the following offer was made:

Plaintiff's counsel now offer to prove by the witness, H. D. Summerville, and others, that shortly after March 22, 1901, and before the sale by the Emlenton Gas Company to the defendant, the Apollo Gas Company, on July 26, 1901, the plaintiffs in these cases, exercising their rights under the contract to resume possession did take possession of the two properties, claiming that these leases the defendant held or claimed under had expired by their terms, and further they had a right to declare they were forfeited and terminated on that ground; that the evidence to be submitted to the jury shows that neither oil nor gas had been produced in paying quantities, and that no acreage rental was paid or offered to be paid by the lessees.

Defendant's counsel object to this as incompetent, irrelevant and immaterial.

The Court: We sustain the objection, exception and bill to the plaintiff. [5]

The court charged in part as follows:

[We take it that, under all the evidence and uncontroverted facts, the defendant has proved that it has fully complied with all the covenants contained in the lease, under which it claims, to wit: that it and those through whom it claims, had commenced wells in which gas was found within the period limited in the lease, in paying quantities; and under all the evidence, we have concluded to instruct you that the plaintiffs in these cases, not taking into consideration the question of estoppel which is raised, or the fact that one of the lessors also received gas from one of these wells for domestic purposes, were not

justified in declaring a forfeiture of these leases, therefore, all that remains for us to do, under all the evidence, is to direct that your verdict be taken in these cases in favor of the defendants.] [4]

Verdict and judgment for defendant.　Plaintiff appealed.

*Errors assigned* were (4) portions of charge as above; (5) rulings on evidence, quoting the bill of exceptions.

*J. T. Maffett* and *B. J. Reid*, with them *F. J. Maffett*, for appellant, cited : Reel v. Elder, 62 Pa. 308; Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28; Grambs v. Lynch, 20 W. N. C. 376; Bank v. Donaldson, 6 Pa. 179; Fulton v. Lancaster Co., 162 Pa. 294; Aye v. Philadelphia Co., 193 Pa. 451.

*A. Leo. Weil* and *William A. Hindman*, with them *Don C. Corbett* and *Charles M. Thorp*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 4, 1904

This was an action of ejectment.　The plaintiff claimed the right to recover possession, by reason of a forfeiture, under the terms and stipulations, of an oil and gas lease.　The grant was made to the Star Drilling Company, on September 2, 1896, and was thereafter, by sundry conveyances and transfers, vested in the defendant company.　There is no dispute as to the paper title of either party.　Under the terms of the lease, the party of the second part had the right to hold the premises " for and during the term of two years from the date hereof, and as much longer as oil and gas are found in paying quantities, or the hereinafter described rental is paid."　The well which was to be put down, was begun and completed in contract time, and there is no question of rental, or undue delay in the case.　From the time of its completion in October, 1897, until it passed into the possession of the defendant company, in July, 1901, the gas produced by the well was not sold or disposed of, but the evidence shows the production from the well was one million feet per day, worth, when piped and conveyed to a market, from three to five cents per thousand feet. The plaintiff contends that no matter how much gas was produced, it could not be said to be a " paying quantity," unless it

was sold at a profit.   And as the lease by its terms was only to continue after two years, for as long as the gas was found in "paying quantities," it was at an end before the defendant took possession of the premises.   The learned judge of the court below refused to take this view, and said in his charge to the jury :

" We take it that, under all the evidence, and uncontroverted facts, the defendant has proved that it has fully complied with all the covenants contained in the lease, under which it claims, to wit: that it and those through whom it claims, had commenced wells in which gas was found within the period limited in the lease, in paying quantities ; and under all the evidence, we have concluded to instruct you that the plaintiffs in these cases, not taking into consideration the question of estoppel which is raised, or the fact that one of the lessors also received gas from one of these wells for domestic purposes, were not justified in declaring a forfeiture of these leases, therefore, all that remains for us to do, under all the evidence, is to direct that your verdict be taken in these cases in favor of the defendants."

The assignments of error complain of this action of the court, and of the refusal to submit the case to the jury.   It appears from the record that both parties claim a common source of title in Henry L. Benn ; and that the appellant did not obtain title until March, 1901, about three and a half years after the well was completed, and that no claim of forfeiture was ever made by Benn or his colessors, or by any one until after appellant acquired title in March, 1901.   The only issue raised by the pleadings was the question of forfeiture.   And the only ground upon which the plaintiff claims the right to declare a forfeiture, was that gas was not found in paying quantities. This, it is contended, was a question of fact, which should have been submitted to the jury.   But there was no dispute as to the facts.   We do not find any denial that the well produced a million feet of gas a day, and that it was worth from three to five cents per thousand feet.   If there was evidence on the part of the plaintiff, in conflict with that of the defendant, upon this point, there would have been a question for the jury.   But there was not.   The evidence upon the part of the plaintiff was wholly insufficient to sustain his claim under the

issue. "There is a broad and plain distinction between a direction to find for the defendant where the plaintiff's evidence if believed is insufficient to sustain his claim, and a direction to find for the plaintiff when his case depends entirely upon oral testimony:" Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28 (p. 34).

It may be that for some time the lessee was not able to find a purchaser for the gas, but that was not the affair of the lessors; they were not interested in the proceeds of the sale of the gas. Their rights under the agreement extended only to the receipt of a stipulated annual rental for each well, and the free use of gas for domestic purposes. Beyond this, the question of whether or not the quantity of gas was profitable, was for the decision of the lessee. It may be that the final disposition of the product of the well was such as to amply remunerate it for the delay in finding a market.

The fifth assignment of error complains of the exclusion of evidence offered upon the part of the plaintiff, to show that possession had been taken under a claim of forfeiture. But it was irrelevant, for such action could only be justified by showing a legal right to possession, and this was the question then before the court, and it was to be determined by the construction to be placed upon the lease, and upon the undisputed evidence as to the facts.

The offer contains an indefinite reference to evidence to be submitted to the jury that neither oil nor gas had been produced in paying quantities. But we do not understand that by this was meant anything more than the inference from the proof already in, that while gas in abundance had admittedly been found, yet because of the considerable delay in finding a sale, it must be deemed not to exist in "paying quantities."

We agree with the learned court below that the contention of the plaintiff in this respect is not justifiable.

The assignments of error are all dismissed and the judgment is affirmed.