# Dawson *v.* Shaw, Appellant.

*Statutes—Penal statutes—Construction—Oil wells—Plugging—Act of June* 10, 1881, *P. L.* 110.

Penal statutes are to be reasonably construed. Where such an act contains such an ambiguity as to leave a reasonable doubt as to its meaning, it is the duty of the court not to inflict the penalty; and a proviso in a penal statute which is favorable to the defendant, is to be liberally interpreted in his favor.

The Act of June 10, 1881, P. L. 110, requiring the plugging of abandoned oil wells is a penal statute, and as such to be reasonably construed. A fair construction of the act is not to require the defendant to plug the well unless there is a third sand or oil bearing rock. If there is a question as to the existence of such sand or rock, the case must be submitted to the jury.

Under the Act of June 10, 1881, P. L. 110, the defendant is not to be punished by the imposition of the penalty named in the statute if it is a physical impossibility under all reasonable and known means to pull the casing and place the two seasoned plugs as directed by the act.

Where the duty or charge is imposed upon a party by the law, and not by his own contract, he will be excused from liability if performance of the duty becomes impossible without any default on his part.

Argued May 15, 1905.   Appeal, No. 115, April T., 1905, by defendant, from judgment of C. P. Forest Co., May T., 1902, No 18, on verdict for plaintiff in case of Jesse D. Dawson to use of Harmony School District v. L. R. Shaw. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for a penalty. Before LINDSEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Errors assigned* were (2, 3) in giving binding instructions for plaintiff.

*Edmund C. Breene,* with him *William J. Breene,* for appellant.—While the action is in assumpsit, necessarily so under the act of 1887, it is nevertheless an action ex delicto : Osborn v. First Nat. Bank, 154 Pa. 134.

In order to recover, the plaintiff must show facts bringing the case clearly within the terms of the statute; and the con-

ditions upon which the penalty attaches must be affirmatively shown to have existed: Boyd v. U. S., 116 U. S. 616 (6 Sup. Ct. Repr. 524).

Where, as in this case, it becomes physically impossible to pull the casing so that the second plug may be located as prescribed by the act, and the owner or operator of the well has used all reasonable and known means to put such second plug in proper position, then we contend the act does not apply.

*W. E. Rice,* with him *W. D. Hinckley* and *J. H. Alexander,* for appellee.

OPINION BY MORRISON, J., July 13, 1905:

This is an appeal by the defendant from judgment of the court of common pleas of Forest county imposing the penalty provided by the Act of June 10, 1881, P. L. 110. The act reads: " That whenever any well shall have been put down for the purpose of exploring for and producing oil, upon abandoning and ceasing to operate the same, the owner or operator shall, for the purpose of excluding all fresh water from the oil bearing rock and before drawing the casing, fill up the well with sand or rock sediment to the depth of at least twenty feet above the third sand or oil bearing rock, and drive a round, seasoned, wooden plug at least two feet in length, equal in diameter to the diameter of the well below the casing, to a point at least five feet below the bottom of the casing, and immediately after the drawing of the casing, shall drive a round wooden plug into the well at the point just below where the lower end of the casing shall have rested, which plug shall be at least three feet in length, tapering in form and to be of the same diameter at the distance of eighteen inches from the smaller end as the diameter of the well below the point at which it is to be driven ; after it has been properly driven shall fill in on top of same with sand or rock sediment to the depth of at least five feet."

" Any person who shall violate the provisions of this act shall be liable to a penalty of two hundred dollars, one half to be for the use of the informer and one half to the use of the school district in which such well may be situated, to be recovered as debts of like amount are by law recoverable."

The action is assumpsit and after the testimony was in the learned court gave a binding instruction in favor of the plaintiff for a verdict in the sum of $200. The assignments of error raise the question of the right of the court to refuse to direct a verdict for the defendant and in directing a verdict for the plaintiff.

The learned counsel for the appellant contends that there was not sufficient evidence to show that there was any third sand or oil bearing rock in the well in question; that while the defendant did not plug the well with seasoned plugs, as required by the act of assembly, the evidence showed that it was physically impossible to pull the casing and this is the excuse offered for not inserting the other plug and that it was impossible to insert it.

Under the testimony there can be no question about the defendant being an owner or operator of wells within the meaning of the act of 1881. He and another had put down and operated eight oil wells at the locality where the well No. 8, in question, was located. There is undisputed evidence that the defendant had been operating the lease and operating well No. 8, in question, and that it was pumped with several other wells. Another witness testified that he was employed by defendant on the Dawson heirs' lease pumping oil wells which were being operated for the production of oil, including well No. 8.

We think this evidence sufficient to carry the question of whether or not there was an oil bearing rock to the jury. The act of June 10, 1881, is a penal statute and it should receive a reasonable construction. In Philadelphia v. Costello, 17 Pa. Superior Ct. 339, we held in substance that the ordinance was a penal one; that it must be given a reasonable construction; and it could not be extended by implication to cases not included within the clear and obvious import of the language. " It has been held in the construction of penal statutes that where an act contains such an ambiguity as to leave a reasonable doubt of its meaning, it is the duty of the court not to inflict the penalty : Com. v. Standard Oil Co., 101 Pa. 119, and 150; also that a proviso in a penal statute, which is favorable to the defendant, is to be liberally interpreted in his behalf."

In Bartoe v. Guckert et al., 158 Pa. 124, there was an action to recover the penalty of $200 for not properly plugging an abandoned oil well, in violation of the provisions of the second section of the Act of June 10, 1881, P. L. 110. In that case the court below granted judgment for want of a sufficient affidavit of defense, but the Supreme Court reversed the judgment, holding that the defendant was not required to file an affidavit of defense for the plain reason that the action was founded on a penal statute. In Boyle v. Smithman, 146 Pa. 255, an action in assumpsit to recover a penalty, the Supreme Court held : "It is the duty of the court to declare what the law is, and it is the duty of the jury to apply to the facts as found by them, the law as given to them by the court." We refer to these cases to show the penal character of the action, and as bearing on the question of whether the court could decide, as a matter of law, that the defendant was liable to the penalty, by giving a binding instruction for a verdict in favor of the plaintiff. We think a fair construction of the act of June 10, 1881, would not require the defendant to plug the well, unless there was a third sand or oil bearing rock, and whether or not the duty rested on the defendant to plug the well in question, necessarily had to be determined from the evidence, and we are not able to see how the learned court can be sustained in deciding, as a matter of law, that the defendant had become liable to pay the penalty named in the act. " In any view of the case the evidence, being oral, should have been submitted to the jury for consideration and determination as to its credibility : " Barnett v. Becker, 25 Pa. Superior Ct. 22, and cases therein cited.

In Reel v. Elder, 62 Pa. 308, SHARSWOOD, J., speaking for the Supreme Court said (p. 316) : " However clear and undisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence."

In Lehigh Coal & Navigation Co. v. Evans, et al., 176 Pa. 28, the Supreme Court said (p. 34) : " There is a broad and plain distinction between a direction to find for the defend-

ant, where the plaintiff's evidence, if believed, is insufficient to sustain his claim, and a direction to find for the plaintiff when his case depends entirely upon oral testimony."

Under the doctrine of these cases the learned court below could not find the necessary facts to convict the defendant of a violation of the statute. The evidence should have been referred to the jury, with appropriate instructions to find the facts and by their verdict determine whether or not the defendant had violated the law, as interpreted to them by the court.

There is another reason why the judgment cannot be sustained. Under well-settled principles of law, the defendant is not to be punished by the imposition of the penalty named in the statute, if it was a physical impossibility, under all reasonable and known means, to pull the casing and place the two seasoned plugs as directed by the act. There seems to be a well-defined distinction between the duty of a defendant to perform his contract voluntarily entered into, and to perform under a duty imposed by law. In the first instance he must perform or respond in damages. But in the second, "Where the duty or charge is imposed upon the party by the law, and not by his own contract, he will be excused from liability if performance of the duty becomes impossible without any default on his part:" 3 Am. & Eng. Ency. of Law, pages 900 and 901 ; 2 Story on Contracts, sec. 1334. In our opinion the question of whether or not the defendant could plug the well, as directed by the statute, should have gone to the jury under appropriate instructions.

The learned counsel for the defendant went too far in asking for binding instructions in favor of the defendant. But their second and third points squarely asked the court to submit the questions we have been discussing to the jury, and the learned court therefore clearly erred in going to the other extreme and directing a verdict for the plaintiff. Although oral evidence is not contradicted it is always within the province of the jury to pass upon its credibility, and they may disbelieve the witness, judging from his appearance on the stand, the character of his testimony and his general conduct.

We sustain the second and third assignments and reverse the judgment with a new venire.