# Sternberg *v.* Sklaroff, Appellant.

*Appeals—Assignments of error—Charge of court—Failure to except.*
Where the record on an appeal fails to show that the charge of the court was excepted to, the appellate court will not consider assignments of error based upon the charge.

*Appeals—Assignments of error—Refusal to grant a new trial—Abuse of discretion.*
The refusal to grant a new trial upon the alleged ground that the verdict was against the weight of the evidence, is not cause for reversal unless there be manifest and flagrant abuse of discretion.

Argued Oct. 9, 1906.    Appeal, No. 100, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1904, No. 1,249, on verdict for plaintiff in case of Phillip Sternberg v. Solomon Sklaroff.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a promissory note.   Before WILLSON, P. J.

Verdict and judgment for plaintiff for $171.06.   Defendant appealed.

*Errors assigned* were as follows:
1. The learned trial court erred in submitting to the jury the question of whether the note in suit was executed by the defendant, because the execution was denied in the affidavit of defense and was not proved upon the trial of the case.
2. The learned trial court erred in charging the jury on the question of estoppel, because there was not sufficient evidence to justify a verdict for the plaintiff on the ground of estoppel.

3. The learned trial court erred in refusing to grant a new trial because the verdict was against the weight of the evidence.

*John Wilson*, with him *William B. Davis*, for appellant.

*J. C. Levi*, of *Bamberger, Levi & Mandel*, for appellee.

PER CURIAM, November 19, 1906:

The record fails to show that the charge of the court was excepted to, therefore the first two assignments must be dismissed upon the authority of Curtis v. Winston, 186 Pa. 492, and many later cases. As to the first assignment, it may be added that there was no request for binding instructions, and that such instructions would not have been warranted. There was ample evidence to carry the question of the execution of the note to the jury. As to the third assignment it is enough to say, that the refusal to grant a new trial upon the alleged ground that the verdict was against the weight of the evidence is not cause for reversal unless there be manifest and flagrant abuse of discretion, and that nothing of the kind appears here. In one of the latest cases upon the subject it is said, " It was pointed out in Smith v. Times Publishing Company, 178 Pa. 481, that the power of this court to grant a new trial under the act of May 20, 1891, P. L. 101 is exceptional in character, and only to be exercised in very clear cases of wrong or injustice which the court below should have remedied : " Murtland v. English, 214 Pa. 325.

The judgment is affirmed.