## Haley, Appellant, *v.* American Agricultural Chemical Company.

*Landlord and tenant—Lease—Wharf property—Cost of cleaning dock—Repairs.*

Where land abutting on a navigable river is described in a lease as exactly coterminous with a pier constructed thereon, and as extending into the river as far as the port warden's low water line, and the lease contains an additional grant of wharf property extending into the river from the previously described premises from port warden's low water line to port warden's pier headline, "together with all water rights appurtenant thereto," the landlord cannot compel the tenant to pay the cost of cleaning the adjoining dock required under the law to be paid by the owner of the pier.

Argued Jan. 24, 1907. Appeal, No. 315, Jan. T., 1906, by plaintiffs, from order of C. P. No. 4, Phila. Co., Dec. T., 1905, No. 4,063, discharging rule for judgment for want of a sufficient affidavit of defense in case of Rose Haley, Mary Coll and The Fidelity Trust Company, Executors of Adam W. Louth, deceased, v. The American Agricultural Chemical Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover the cost of cleaning a dock.

The facts are stated in the opinion of the Supreme Court. The lease contained a covenant on the part of the lessee to repair.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*D. Webster Dougherty*, for appellants.—The cleansing of the dock was clearly a repair and it was therefore the duty of the appellee to defray the cost thereof: Jackson & Gross's Landlord & Tenant, sec. 1045; Walz v. Rhodes, 1 W. N. C. 49; Hoy v. Holt, 91 Pa. 88; Huber v. Baum, 152 Pa. 626; Lockrow v. Horgan, 58 N. Y. 635; Hull v. Burns, 17 Abb. N. C. (N. Y.) 317; Beck v. Philadelphia, 17 Pa. 104; O'Rourke v. Peck, 29 Fed. Repr. 223; Easby v. Philadelphia, 67 Pa. 337; Hogg v. Longstreth, 97 Pa. 255; Langdon v. Mayor, etc., of New York, 93 N. Y. 129; Muller v. Spreckels, 48 Fed. Repr. 574; Bailey's Appeal, 9 Phila. 506; Easby v. Patterson, 7 W. N. C. 218; Nickerson v. Tirrell, 127 Mass. 236; Barber v. Abendroth, 102 N. Y. 406 (7 N. E. Repr. 417); Lewis v. Barber Asphalt Paving Co., 123 Fed. Repr. 161; Farnham on Waters, 588; Christian v. Van Tassel, 12 Fed. Repr. 884.

*R. Stuart Smith*, with him *Charles E. Morgan*, for appellee.—The defendant, lessee of the real estate, is under no obligation to reimburse the landlord, because the dock is not part of the demised premises and there is no covenant in the lease on the defendant's part to keep the dock cleaned: Easby v. City of Phila., 67 Pa. 337.

The bed and channel of the Delaware to the middle of the river belong to the commonwealth of Pennsylvania. The title of the riparian owner extends only to low water mark, and does not include the docks, which are below low water mark. The docks are part of the public highway: Kusenberg v. Brown, 42 Pa. 173; Tinicum Fishing Co. v. Carter, 61 Pa. 21; Simpson v. Neill, 89 Pa. 183; Easby v. Patterson, 6 W. N. C. 318; s. c., 7 W. N. C. 219.

OPINION BY MR. JUSTICE STEWART, April 1, 1907:

Adam W. Louth, whose estate is here represented by his executors, plaintiffs in the action, demised by written lease to the defendant company for a term of years, certain premises situated along the Delaware river front in the city of Philadelphia. The premises, so far as they are described by

metes and bounds, are exactly conterminous with a pier constructed thereon, and which extends into the river as far as the port warden's low water line. The lease contains this additional grant, following immediately upon the one above stated : " And also all that certain wharf property extending eastwardly into the river Delaware from the above described premises from port warden's low water line to port warden's pier headline, as shown in the said plan hereto annexed, together with all water rights appurtenant thereto." Shortly after possession was taken under the lease the lessor received notice from the board of port wardens that he was required within thirty days thereafter to have the dock between his piers cleansed to the depth of twenty-one feet, and that failing therein the dock would be cleansed at his expense, and a lien entered against his property for the cost of the work. The lessor acquainted his lessee with this demand, and insisted that the cleansing was a burden the latter had assumed under the terms of the lease. Upon the lessee's denial of its liability and refusal to do the work, the lessor, to avoid the filing of a lien, proceeded with the work, and completed it at a cost of $2,946.93. This action was brought by lessor's executors against the lessee to recover for this expenditure. In the affidavit of defense filed the defendant company denies that the dock was any part of the leased premises, or that by the terms of the lease it assumed any duty or liability in connection therewith. The court, without filing an opinion, discharged a rule for judgment for want of sufficient affidavit of defense, and thus we have presented the only question in the case. The case was one for the court. The plaintiffs rest their claim entirely upon the written lease; the affidavit of defense denies nothing contained in plaintiffs' statement of claim, except the inference plaintiffs seek to draw from the lease. No issue of fact is raised calling for the intervention of the jury. The rights of the parties depend upon a proper construction of the lease which gives rise to the controversy.

The leased premises, as we have said, so far as described by metes and bounds, consist wholly and exclusively of a pier in the river with the buildings thereon. No rights or privileges upon either side of the pier, that is to say, beyond the pier limits, were granted under the lease, and indeed none could be,

since upon either side are the waters of the Delaware, and in these the lessor had no rights which were peculiar to himself, and therefore none which could be made the subject of a grant. The law imposes upon the owner of a pier the duty of cleansing the dock—which is nothing more than the basin between two adjoining piers—in proportion to the number of feet of his lot or landing on each side of the dock, not because the owner of the pier has any exclusive right or privilege in the dock, but because his pier, constructed under a license, to a greater or less extent occasions, or contributes to, the shoaling of the dock by obstructing the current of the river. It is in part the price he pays for the privilege of constructing and maintaining his pier upon the public domain; and it is in the nature of a charge upon the property which a lessee can be required to meet only as he has expressly so covenanted. It cannot be pretended that any common-law liability attaches to the lessee with respect to it; for not only is the dock distinct from the property leased, but even were it otherwise, the rule of the common law exempts the tenant from all liability for diminution in value resulting from the natural operation of time and the elements, and these are what conspire to shoal the dock. If the subject of the lease had been the dock, that is to say, the basin between the piers—which of course it could not be for the reason we have stated—it might well be argued that under the covenant to repair, it became the duty of the lessee to maintain it at the depth required by the authorities; but the subject of the lease is the pier, and neither by express terms nor by implication does the duty to repair extend beyond the actual thing leased. The lease might have stipulated that this particular burden was to be discharged by the lessee, but it does not. Nor is wider operation given the lease, so far as concerns the duty of cleansing the dock in the way of repair, by the added clause which makes the lease embrace that certain wharf property extending eastwardly into the river Delaware from the above described premises to the pier headlines, " together with all water rights appurtenant thereto." The lessor, as a riparian owner, has the right, subject to conditions and regulations imposed by the board of port wardens, to extend his pier beyond its present terminus at low water line to the pier head-

line.    This unoccupied space is in the lease described as wharf property; and the lease grants to the lessee the lessor's rights therein, that is, the right to extend the existing pier, with all water rights appurtenant thereto.    With respect to such pier extension, the rights would ·be just the same as those which attach to the existing structure.    The owner's control is defined by the limits of the pier however extended; in front and upon either side is the river highway, in which no individual has any right which does not belong to every other.    The pier is the owner's own peculiar property, which he may use to its farthest limit, but which no other may use except upon the owner's terms.    What is meant by the water right appurtenant thereto, if anything, is the right to invade the water of the river with the pier so far as the pier headline.    If there be any other water right appurtenant, it has not been suggested.    In the nature of things there can be none.    All outside and beyond the actual structure is public domain, which admits of no exclusive ownership.

The order ·of the court below in discharging the rule for judgment for want of sufficient affidavit of defense, is affirmed.