# Haley, Appellant, *v.* American Agricultural Chemical Company.

*Appeals—Assignments of error—Separate questions—Point—Charge —Judgment non obstante veredicto—Act of April 22, 1905, P. L. 286.*

1. An assignment of error which raises three separate questions, violates rule 29.

2. An assignment of error which complains that the court erred in not instructing the jury to find for the plaintiffs, is bad, where the record shows that no request for binding instructions in favor of plaintiffs was made.

3. Where a portion of the charge is assigned as error, such portion must be set forth in the assignment totidem verbis in accordance with rule 30.

4. The trial court cannot be convicted of error in refusing judgment for plaintiffs non obstante veredicto, where it appears that counsel for plaintiffs submitted no point at the trial requesting binding instructions in their favor.

*Landlord and tenant—Lease—Wharf property—Cost of cleaning dock —Repairs.*

5. Where land abutting on a navigable river is described in a lease as exactly coterminous with a pier constructed thereon, and as extending into the river as far as the port warden's low-water line, and the lease contains an additional grant of wharf property extending into the river from the previously described premises from port warden's low-water line to port warden's pier headline, "together with all water rights appurtenant thereto," the landlord cannot, in the absence of an agreement to do so, compel the tenant to pay the cost of cleaning the adjoining dock required under the law to be paid by the owner of the pier.

Argued Jan. 13, 1909. Appeal, No. 311, Jan. T., 1908, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., Dec. T.,

1905, No. 4,063, on verdict for defendant in case of Rose Haley, Mary Coll and Fidelity Trust Company, Executors of the Last Will and Testament of Adam W. Louth, deceased, v. The American Agricultural Chemical Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover cost of dredging a dock. Before AUDENRIED, J.

The facts appear by the former report of the case in 217 Pa. 354.

Verdict and judgment for defendant. Plaintiffs appealed.

*Errors assigned* were in the following form:

The learned court below erred:

1. In not instructing the jury to find for the plaintiffs.

2. In instructing the jury to find for the defendant.

3. In not entering judgment for the plaintiffs non obstante veredicto.

*D. Webster Dougherty*, for appellant.

*R. Stuart Smith*, with him *Charles E. Morgan*, for appellee.

OPINION BY MR. JUSTICE POTTER, April 12, 1909:

Upon the trial of this case the court below gave binding instructions in favor of the defendant, and subsequently refused to enter judgment non obstante veredicto in favor of plaintiffs, but did enter judgment on the verdict in favor of the defendant.

Plaintiffs have appealed, and their counsel has specified error in what was apparently intended as three assignments, but the form in which they are stated is that of a single assignment, raising three separate questions, and this is a violation of rule 29. But if we overlook this, and consider the specifications as separate and distinct assignments, we find that the first one, in which complaint is made that the court erred in not in-

structing the jury to find for the plaintiffs, is bad, for the reason that the record shows that no request was made for binding instructions in favor of plaintiffs. As to the second specification, in which it is alleged that the trial judge erred in instructing the jury to find for the defendant, this assignment is in disregard of the requirements of rule 30, in that it does not quote the portion of the charge assigned for error, totidem verbis. The third particular in which error is alleged upon the part of the court below, is in not entering judgment for the plaintiffs non obstante veredicto. But the trial judge cannot be convicted of error in this respect, for the reason that counsel for plaintiffs submitted no point, at the trial, requesting binding instructions in their favor. And under the Act of April 22, 1905, P. L. 286, the authority to ask for such judgment upon the whole record, is conditioned upon the presentation, before verdict, of a point requesting binding instructions. See opinion of Rice, P. J., in Philadelphia v. Bilyeu, 36 Pa. Superior Ct. 562. This appeal, therefore, presents no valid assignment of error.

The question here presented is precisely the same as that considered and decided by this court on the former appeal of this case, at 217 Pa. 354. As our Brother Stewart there said (p. 356): "The rights of the parties depend upon a proper construction of the lease which gives rise to the controversy." Nothing else is involved at the present time. It was clearly pointed out in the former opinion, that the leased premises consisted only of the pier, with the buildings thereon. The dock, or basin of water between the piers or surrounding them, is part of the navigable river, a public highway, and could not be made the subject of a lease. It is used merely for the reception of vessels while loading and unloading. The obligation to keep in order, as an aid to navigation, that portion of the highway adjoining the pier, may of course be imposed upon the owner of the pier. As was said before, "It is in part the price he pays for the privilege of constructing and maintaining his pier upon the public domain; and it is in the nature of a charge upon the property, which a lessee can be required to meet only as he has expressly so cove-

nanted." No stipulation that the lessee should bear the burden of keeping in good order the portion of the highway adjoining the pier, is to be found in the lease which is the subject of this controversy. A covenant to keep in repair a leased dwelling house would not be construed to mean that the tenant should repair or repave the street, the public highway in front of the property. Yet that is in substance the construction which appellants are here asking to have applied to the lease of these premises.

The specifications of error are dismissed, and the judgment is affirmed.