## Pennsylvania Railroad Company, Appellant, *v.* Harl.

*Practice, C. P.—Judgment for defendant n. o. v.—Reservation of question of law—Appeals—Act of April 22, 1905, P. L. 286.*

Where on an appeal the record does not show that there was a point submitted by the defendants for binding directions, or that a question of law was reserved, the case is not within the Act of April 22, 1905, P. L. 286, or any other act authorizing the entry of judgment in favor of the defendant non obstante veredicto, but in such a case the appellate court in reversing the judgment cannot direct a judgment on the verdict, if the record fails to show that the defendants' rule, so far as it related to a new trial had been disposed of.

Argued May 6, 1912. Appeal, No. 165, April T., 1911, by plaintiff, from order of C. P. Jefferson Co., Nov. T., 1909, No. 218, entering judgment for defendants non obstante veredicto in case of Pennsylvania Railroad Company v. McKean Harl and John G. Harl, trading as McKean, Harl & Son. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit for freight. Before READ, P. J.

At the trial the jury rendered a verdict for plaintiff for $150.92. Subsequently the defendants moved for judgment non obstante veredicto, and for a new trial, although there had been no request on their part for binding directions, and no question of law had been reserved.

The court entered judgment for defendants non obstante veredicto without disposing of the motion for a new trial.

*Error assigned* was in entering judgment for defendants n. o. v.

*Charles Corbet,* for appellant.—No question having been reserved, or point requesting binding instructions reserved or declined, the court erred in entering judgment for the defendants non obstante veredicto: Farmers' & Mechanics' Bank of Shippensbury v. Lefever, 74 Pa. 49; Phila. v. Donath, 13 Phila. 4; Eberts v. Thompson, 17 W. N. C. 516; Phila. v. Bilyeu, 36 Pa. Superior Ct. 562; Haley v. American Agricultural Chemical Co., 224 Pa. 316.

*H. C. Campbell,* for appellees.

PER CURIAM, May 13, 1912:

In view of the facts disclosed upon the hearing of the motion to quash the appeal we conclude that there was substantial compliance with the rule as to service of paper-books, and that the motion should be refused. It is so ordered.

The record does not show that there was a point submitted by the defendants for binding direction or that a question of law was reserved. This being so, the case was not within the Act of April 22, 1905, P. L. 286, or any other act authorizing the entry of judgment in favor of the defendants non obstante veredicto. If authority be needed for this statement it will be found in Haley v. Amer. Agri. Chem. Co., 224 Pa. 316; Philadelphia v. Bilyeu, 36 Pa. Superior Ct. 562, and the recent case of Sulzner v. Cappeau-Lemley & Miller Company, 234 Pa. 162. Therefore the first assignment of error is sustained; but we cannot enter or direct judgment on the verdict, because the record fails to show that the defendants' rule, so far as it relates to new trial, has been disposed of.

We call attention to the recent decisions of the Supreme Court to the effect that such rule should be disposed of before entering judgment non obstante veredicto.

The judgment for defendants non obstante veredicto is reversed and set aside and the record is remitted with a procedendo.