# Coyne, Appellant, v. Lackawanna County.

*Trial—Evidence—Oral evidence—Court and jury.*

1. Where a plaintiff's case depends upon oral testimony, however clear and undisputable it may be, it must nevertheless be submitted to the jury.

*Appeals—Assignments of error—Charge.*

2. Assignments of error consisting of excerpts from the charge of the court will not be considered, where they are not based on exceptions to the charge, and where such excerpts are not bracketed and numbered in the printed charge.

3. Error cannot be assigned to what was not said by the trial judge without a request so to charge.

4. The Act of May 11, 1911, P. L. 279, does not relieve suitors from the necessity of excepting to the charge if dissatisfied with it, in the presence or hearing of the trial judge.

Argued May 5, 1913.   Appeal, No. 42, March T., 1913, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1912, No. 335, on verdict for plaintiff in case of P. S. Coyne v. Lackawanna County.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit for services rendered.   Before HEYDT, P. J.

Verdict and judgment for plaintiff for $70.00.   Plaintiff appealed.

*Errors assigned* are indicated in the opinion of the Superior Court.

*Thomas P. Duffy,* for appellant.

*John B. Jordan,* county solicitor, for appellee.

OPINION BY MORRISON, J., May 15, 1913:

The plaintiff sued in assumpsit to recover the sum of $125 which he claimed was owing to him for services rendered under an alleged agreement with the defendant. The case was fully heard and appears to have been fairly submitted to the jury by the learned court below and a verdict was rendered for $70.00, and the court having refused a new trial and refused to enter judgment for the full amount of the plaintiff's claim non obstante veredicto, and judgment having been entered on the verdict, the plaintiff appealed.

The plaintiff's learned counsel presented four written points to the trial judge for instructions to the jury and they were all affirmed.   None of these points asked for a binding instruction in favor of the plaintiff and if such instruction had been requested, it must have been refused because the plaintiff's case rested largely on oral testimony and in such case the testimony must be referred to a jury: Lehigh Coal & Nav. Co. v. Evans et al., 176 Pa. 28.   It is there decided, as stated in the syllabus: "Where

a case depends on oral testimony, such testimony must be submitted to the jury." In Reel v. Elder, 62 Pa. 308, it was decided in an opinion by SHARSWOOD, J., as follows: "However clear and indisputable may be the proof when it depends upon oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court. . . ." See also Trexler v. Africa, 33 Pa. Superior Ct. 395, and cases there cited. In Lehigh Coal & Nav. Co. v. Evans et al., 176 Pa. 28, near the end of the opinion, it is said: "There is a broad and plain distinction between a direction to find for the defendant where the plaintiff's evidence if believed is insufficient to sustain his claim, and a direction to find for the plaintiff when his case depends entirely upon oral testimony." We consider it very clear that the appellant has no just ground of complaint because his case was submitted to the jury and because the learned court refused to enter judgment in his favor for the full amount of his claim non obstante veredicto. That the plaintiff was not entitled to a judgment non obstante veredicto is very clearly ruled in Haley v. American Agriculture Chem. Co., 224 Pa. 316, and in Penna. R. R. Co. v. Harl, 50 Pa. Superior Ct. 236. But we need not dwell upon the refusal of the court to grant judgment non obstante veredicto, because there is no assignment of error properly raising that question.

We find in the record seven assignments of error and they are all excerpts from the charge to the jury, except the second, which is nothing more than the opinion of the counsel that the court erred in the manner of instructing the jury. That assignment is as follows: "The learned court erred in not instructing the jury as to the credibility of the witnesses, their interest or want of interest, the probable truth of their testimony, as to the fact that the credibility of the witnesses was not questioned and that the credibility of the witnesses was the only question for the jury to pass upon." But the learned court was not requested to so instruct the jury. In Mitchell v. Jodon, 22 Pa. Superior Ct. 304, this court held as stated in the

syllabus: "Error cannot be assigned of what was not said by the judge below without a request so to charge." To the same effect is Burkholder v. Stahl, 58 Pa. 371, and Merritt v. Poli, 236 Pa. 170.

The remaining six assignments are all excerpts from the charge to the jury but they are not assigned as required by our rule XV in that "the part of the charge . . . . referred to must be quoted ipsissimis verbis in the specification, and the parts of the charge assigned as error shall be inclosed in brackets in the printed charge, with the number of the assignment noted." These assignments do not comply with the above requirements of the rule and are also faulty in that they do not show that they are based on an exception to the charge: Merritt v. Poli, 236 Pa. 170. Nor do they even refer to where the exception to the charge may be found. In fact the only exception to the charge is printed near the end of the appendix and we had trouble in finding it at all. It should have been printed in appellant's paper-book following the charge. In addition to this there is no index or reference of any kind to where the exception may be found. However, we have given said assignments due consideration and, in our opinion, none of them raises reversible error. In other words, when they are considered in connection with the entire charge, it is not apparent that what is quoted from the charge in the assignments did the appellant any harm. The question at issue was a narrow one, and it was, under the evidence, for the jury, and we think it was adequately and fairly submitted to that body.

The Act of May 11, 1911, P. L. 279, does not relieve suitors from the necessity of excepting to the charge, if dissatisfied with it, in the presence and hearing of the trial judge. While not precisely in point as to exceptions to a charge, yet the case of Fornof v. Wilkinsburg Boro., 238 Pa. 614, is instructive on the question we are considering.

The charge in the present case was not a decision of the case within the meaning of sec. 6 of the Act of May 11,

1911, P. L. 279, and, therefore, the charge referring the case to the jury can only be reviewed on exception duly taken and noted. In Sternberg v. Sklaroff, 32 Pa. Superior Ct. 116, this court held as stated in the syllabus: "Where the record on an appeal fails to show that the charge of the court was excepted to, the appellate court will not consider assignments of error based upon the charge." This decision rests upon the authority of Curtis v. Winston, 186 Pa. 492, and many later cases. See also Mathushek Piano Mfg. Co. v. Engberry, 30 Pa. Superior Ct. 543.

In the present case there was a motion to quash but notwithstanding the faulty assignments the case has been considered on its merits.

The assignments of error are all dismissed and the judgment is affirmed.