## Palmer v. General Flooring & Mfg. Co., Appellant.

*Practice—Municipal Court of Philadelphia County—Trial without jury—Judgment n. o. v.*

In a case tried in the Municipal Court of Philadelphia County without a jury where no written point for binding instructions is presented at the trial, a party will not be entitled to judgment in his favor n. o. v. under the Act of April 22, 1905, P. L. 286.

In such a case where the defendant, a corporation, denies corporate liability for a debt, and alleges the individual liability of the president of the company for the debt, a finding of the trial judge in favor of the plaintiff will not be reversed in the absence of abuse of discretion, where the case depends upon oral evidence, and involves the credibility of witnesses and inferences to be drawn from their testimony.

*Corporation—Contract—Ratification.*

A corporation, like a natural person, may ratify, affirm, and validate any contract made, or act done in its behalf which it was capable of making or doing in the first instance. Formal action by its board of directors is necessary only, where it would be necessary to a similar original contract.

Argued Dec. 3, 1915. Appeal, No. 268, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1915, No. 516, for plaintiff on case tried by the court without a jury in suit of Andrew L. Palmer and W. Wallace Gayley, trading as Palmer & Gayley, v. General Flooring and Manufacturing Company. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The case was tried by KNOWLES, J., without a jury.

The opinion of the Superior Court states the facts.

Judgment was entered for plaintiff for $141.20. Defendant appealed.

598, (1916).]    Assignment of Errors—Arguments.

*Errors assigned* were in refusing a new trial and in refusing judgment for defendant n. o. v.

*D. Howard Evans,* for appellant.—There is not a scintilla of evidence in the case to fasten liability upon the corporation defendant. The plaintiff claims for goods sold to a corporation, beginning on April 7, 1914. The undisputed testimony of the defense discloses that the corporation was not organized until the first day of May, 1914, and did no business of any kind prior to that time.

The company did not and could not have known that Levering was acting on its behalf, in signing receipts, upon delivery slips for goods delivered to the mill, and the corporation cannot therefore be bound by his act, in signing upon those delivery slips "The General Flooring and Manufacturing Company, per Levering."

Under the conditions of this trial, there were no instructions to be made by the court, and to enforce such a rule as is required by the practice in a trial of cases before a jury would be to reduce the practice to the absurd. Certain it is that the counsel in closing requested the court to find that under all of the evidence the verdict must be for the defendant.

*Percival H. Granger,* with him *Albert D. MacDade* and *J. Howard Reber,* for appellees.—As to the appeal from the refusal of the court to grant a judgment non obstante veredicto in favor of the defendant, it is respectfully submitted that the lower court committed no error: Haley v. American Agricultural Chemical Co., 224 Pa. 316; Hanick v. Leader, 243 Pa. 372; Philadelphia v. Bilyeu, 36 Pa. Superior Ct. 562; Penna. R. R. Co. v. Harl, 50 Pa. Superior Ct. 236; Coyne v. Lackawanna County, 53 Pa. Superior Ct. 603.

The evidence was oral and conflicting, and it is submitted that, under the authorities, after the learned trial judge found in favor of the plaintiff, the appellate court will not reverse his findings.

Notice to the president of matters within the scope of the corporate business, is notice to the corporation: Kersey Hill Mineral Co. v. Oil Creek & A. R. Co., 5 W. N. C. 144; First Natl. Bank of Bethlehem v. Peiserf, 2 Penny. 277.

It is submitted that as the corporation did not disavow liability within a reasonable time, the corporation will be presumed to have ratified the same: Bellman v. Pittsburgh & Allegheny Valley Ry. Co., 31 Pa. Superior Ct. 389; Hall v. Vanness, 49 Pa. 457; Louden Sav. Fund Soc. v. Hagerstown Sav. Bank, 36 Pa. 498; Philadelphia, Etc., R. R. Co. v. Cowell, 28 Pa. 329.

OPINION BY RICE, P. J., April 17, 1916:

The hardware and other materials, to recover the price of which this action was brought, were ordered, delivered and used for the repair of a mill in the City of Chester.

The account runs from April 7, 1914, to July 2d of the same year. There is no dispute as to the price, quantity or quality of the goods. The defense set up at the trial was that they were not ordered by or delivered to the General Flooring and Mfg. Co., but that R. O. Scheel, who became president of the company on May 1, 1914, was exclusively liable for them in his individual capacity. The case was tried by the court without a jury and its decision depended mainly on oral testimony. The court made a general finding in favor of the plaintiffs for the full amount of their claim, and after dismissing the defendant's motions for a new trial and for judgment n. o. v., entered judgment thereon.

With regard to the second assignment of error, it is enough to say that as the defendant did not present at the trial a written request for binding direction, or its equivalent, it was not entitled to judgment n. o. v., under the Act of 1905: Haley v. American Agricultural Chemical Company, 224 Pa. 316; Hanick v. Leader, 243 Pa. 372; Philadelphia & Gulf Steamship Company v. Clark, 59 Pa. Superior Ct. 415.

The question raised by the first assignment is whether the court's finding is so clearly without the support of any evidence, more than a mere scintilla, or so manifestly against the great preponderance of evidence, as to justify an appellate court in declaring that the trial court was guilty of abuse of discretion in dismissing the motion for a new trial.

In the determination of that question, depending as it does on oral testimony and involving the credibility of witnesses, the plaintiff is entitled to the benefit of every fact and inference of fact which the trial judge could reasonably deduce from the testimony which he credited.

There was evidence from which the following facts could be found: Before any of the goods were ordered or delivered, the plaintiff's representative went to the mill and upon inquiry of George W. Levering, the engineer in charge, was informed that the General Flooring & Mfg. Co. was opening up the plant and that R. O. Scheel was at the head. Later he went to the mill and was there introduced by Levering to Scheel, who told him "they were going to do business there, and Mr. Levering would be needing material to fix up the plant and to let him have everything he needed." From time to time Levering, and on one occasion Scheel, gave orders for the goods in question. They were charged to the General Flooring & Mfg. Co., by direction of Levering, and as they were delivered a slip containing an itemized statement of the goods was sent with each delivery, all of which slips were headed "Merchandise delivered to General Flooring & Mfg. Co.," and were signed, "Received by General Flooring & Mfg. Co., per Levering." Levering testified in chief on behalf of the plaintiffs that he was employed by the General Flooring & Mfg. Co., and was the only person employed at the mill, that he received all the goods and that they were used in the repair of the mill. In answer to the question put on cross-examination "Who employed you?" he replied, "R. O. Scheel," but this answer does not necessarily imply a

retraction of his testimony in chief. In a trial by the court without a jury it is the province of the judge, as it is the province of the jury in a jury trial, to determine what the witness meant, if his testimony be ambiguous, and in so determining to consider his testimony as a whole. An entirely reasonable interpretation of Levering's testimony, viewed as a whole, is that he believed and meant that he was employed by the company through the agency of Scheel. This is a view which the trial judge, who saw and heard the witness, might take, and which on this appeal it may be presumed he did take. It is reasonably certain that the plaintiffs justifiably supposed, from what Levering and Scheel said to their representative and the other circumstances, that they were dealing from the beginning with the General Flooring & Mfg. Co., and as to the goods delivered after May 1, 1914, it is quite clear that they were dealing with that company, and that the company is liable. The only difficult question in the case is as to its liability for the goods delivered before. The difficulty arises from the testimony of Scheel, a witness for the defendant, to the effect that the company did not become fully organized by the election of officers, including Scheel as president, until May 1, 1914. But it is an admitted fact that the company was incorporated under the laws of Pennsylvania two years before, and the plain import of Scheel's testimony is that he obtained and held the charter; and as Levering said, he was apparently "at the head" of the enterprise. There is also evidence from which the inference could reasonably be drawn, notwithstanding his testimony to the contrary, that in employing Levering, putting him in charge of the mill authorizing him to repair it, and to purchase from the plaintiff goods necessary for that purpose he was assuming to act (whether regularly or not) for and in behalf of the company for which he obtained and held the charter, and that when he said to the plaintiff's representative that "they were going to do business there" he meant the company.

Granting that Scheel's or Levering's contracts prior to May 1, 1914, could not be enforced against the company so long as they remained executory, it does not necessarily follow that the company is not liable for the goods delivered prior to that date and of which it received the benefit. A corporation, like a natural person, may ratify, affirm, and validate any contract made or act done in its behalf which it was capable of making or doing in the first instance. Formal action by its board of directors is necessary only where it would be necessary to a similar original contract. Speaking generally it may be said that a ratification may be made, whether by formal action or by passive acquiescence, by any corporate agency or body that might have authorized the act in the first instance: 10 Cyclopedia of Law and Procedure, 1069. Even treating this as a promoter's engagement, although it stands on a higher plane, the company could make it its own by express agreement or by ratification; and this ratification or adoption could be by express corporate action or by any of the other modes by which corporations may ratify or adopt the unauthorized acts of others in their behalf. There is much evidence going to show the company's ratification of these purchases. In addition to the evidence already referred to, there is evidence that bills for the goods, made out in the company's name as debtor, were rendered and received at the company's office, and that no objection was made to the bills on that or any other score, although Scheel, the president of the company, admits he received such bills. Moreover, in a letter written on a letter head of the company, addressed to the plaintiffs, and evidently relating to this account, appears the following language going to show the company's acquiescence in and approval of what had been done: "Replying to your letter of September 11th, I wish to say that this account will be settled in a very short time. Some very large outstanding accounts have been held up on account of the present financial conditions or I would have attended

to your bill long before this." True the writer did not attach the word president to his signature, but he was president, he was writing in reply to a letter addressed to the company, and with relation to a claim against the company. These facts, together with the evidence furnished by the letter head, clearly warranted the court in treating the letter as the act of the corporation through its president, and not as his individual act: Siracusa v. Miller Construction Co., 43 Superior Ct. 466.

In conclusion, without further recital of the evidence, it is the judgment of the court that the finding of the learned judge below was amply warranted.

The assignments of error are overruled and the judgment is affirmed.