# Merritt *v.* Poli, Appellant.

*Appeals—Assignments of error—Defective assignments—Refusal of judgment n. o. v.—Assignments as to charge—Failure to charge—Admission and rejection of evidence—Assignment containing no exceptions—Assignment embracing two points.*

1. An assignment of error that "the learned court erred in refusing to enter judgment for the defendant, non obstante veredicto," is not complete nor self sustaining. It should set out the point requesting binding instructions, the motion or rule for judgment, and the order of the court below overruling the motion.

2. An assignment of error which avers generally that the charge of the court below was not fair and adequate, and sets forth nineteen sub-divisions, nine alleging error in portions of the charge which are quoted, and the remaining ten criticising the charge in general terms, without quoting its language, is a flagrant violation of Rule 26, and also infringes Rule 27 which prescribes that the part of the charge assigned for error must be quoted ipsissimis verbis.

3. Assignments of error to the effect that the court below erred in failing to call the attention of the jury to certain matters set forth in the respective assignments, are bad, inasmuch as error cannot be assigned of what was not said by the trial judge without a request so to charge.

4. Assignments of error to the admission or rejection of documentary evidence will not be considered where the assignments do

not contain in so far as may be practicable, copies of the papers referred to, although they are printed in the appendix.

5. Assignments of error to the admission or rejection of testimony must show the offer of testimony rejected, or the testimony admitted.

6. Assignments of error will not be considered which show no exception taken to the action of the court below in the matters of which complaint is made.

7. Assignments of error each of which contain two exceptions are bad as violating Rule 26.

8. An assignment of error showing only one exception, but embracing two points, violates Rule 26.

9. An assignment of error to the refusal of the court to strike out testimony violates Rule 28 if it does not quote the evidence which the court refused to strike out..

*Mechanics' lien—Service of notice of intention to file lien— Party in possession—Occupancy—Act of June 4, 1901, Sec. 8, P. L. 431.*

10. As applied to land, the term "possession" may be employed in the sense of "occupancy." Actual possession or possession in fact, exists where the thing is in the immediate occupancy of the part.

11. Under the Act of June 4, 1901, Sec. 8, P. L. 431, relating to service of notice of intention to file lien, the claimants are not bound to prove that the person upon whom the notice was served was the agent of the owner. It is sufficient for them to show that he was a party in possession.

12. In such a case the claimant is entitled to go to the jury on the question of the sufficiency of the service of the notice, by the evidence of a witness who served the notice, that he went to the structure liened, which was a theatre, saw the ticket seller, who was the admitted agent of the owner, who told him that the owner was out of town, and pointed out a person as "his manager and representative," and that this person who was apparently in possession of a part of the building, acknowledged himself to be the representative of the owner. The claimant is not obliged to prove that the person in question was actually the owner's agent.

*Contract—Performance—Delay in completing work—Penalty.*

13. Where a building contract provides a heavy penalty for delay in completing work within a time specified, and the contractors covenant that they "will be liable to above penalty for all delays caused by them," the contractors will only be liable for delays caused by themselves, and if there is evidence, although

contradicted, that the delay was owing to the failure of another contractor to erect walls in time, the question of the liability for the penalty is for the jury.

Argued Feb. 20, 1912.  Appeal No. 27, Jan. T., 1912, by defendants from judgment of C. P. Lackawanna Co., March T., 1908, No. 983, on verdict for plaintiff in case of Merritt & Company v. Sylvester Z. Poli, with notice to Frank Ricca, Contractor.  Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ.  Affirmed.

Scire facias sur mechanics' lien.  Before EDWARDS, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $10,836.11. Defendant appealed.

*Errors assigned,* covering forty-six pages, were (1-47) to various instructions and rulings sufficiently indicated in the opinion of the Supreme Court.

*John P. Kelly,* of *O'Brien & Kelly,* and *C. P. O'Malley,* of *Warren, Knapp & O Malley,* with them *Welles & Torrey,* for appellant.

*George Quintard Horwitz,* with him *Clarence Ballentine* and *A. A. Vosburg,* for appellees.—No one but the jury could determine whether or not the person served was a party in possession of the structure as contemplated by the Act of Assembly: Vandevort v. Wheeling Iron & Steel Co., 194 Pa. 118; Dixon v. Daub, 17 Pa. Superior Ct. 168; Mason v. Ammon, 117 Pa. 127; Stull v. Wiegel, 20 W. N. C. 98.

The words "possession" and "occupancy" when applied to land, are convertible terms and practically synonymous: Walker v. Converse, 148 Illinois 622; Walters v. People, 21 Illinois 178.

OPINION BY MR. JUSTICE POTTER, April 29, 1912:

This proceeding is scire facias issued upon a mechanic's lien for the sum of $13,427.14, filed by Merritt & Company, sub-contractors, against Sylvester Z. Poli, owner, and Frank Ricca, contractor. The lien was filed against a property consisting of a brick theatre and store building, with the ground appurtenant thereto, situated in the city of Scranton. That the materials were furnished, and the work performed in accordance with the contract, except as to the time of completion, is not questioned. Nor is the correctness of the amount charged for the work disputed. The defense to the claim was two-fold. In the first place, it was alleged that the notice of intention to file the lien was not served by claimants in accordance with the requirements of Section 8 of the Act of June 4, 1901, P. L. 431; and in the second place, it was alleged that the claimants were chargeable with the sum of $50.00 per day for 273 days, or a total of $13,650, as penalties for delay in completing the work. This amount is more than the balance claimed to be due on the contract. The trial in the court below resulted in a verdict for the plaintiffs for the sum of $8,668.89, with interest from August 31, 1907, amounting to $10,836.11. Motions for a new trial and for judgment non obstante veredicto were overruled, and judgment was entered on the verdict. The defendants have appealed, and forty-seven assignments of error have been filed, many of which are defective.

The first assignment consists merely of the statement that "the learned court erred in refusing to enter judgment for the defendant, non obstante veredicto." It appears from the record that the defendants submitted a point requesting binding instructions in their favor. This point was refused. The docket entries show that defendants subsequently "filed rule and order for judgment non obstante veredicto," and the court overruled this motion. The assignment of error is, therefore, not complete or self-sustaining. To make

it so it should set out the point refused, the motion or rule for judgment, and the order of the court below overruling the motion.

The second assignment of error is remarkable. It avers generally that the charge of the court below was not a fair and adequate presentation of defendant's case, and it sets forth nineteen subdivisions, extending over some six pages of the paper book, nine of the subdivisions alleging error in portions of the charge which are quoted, and the remaining ten criticising the charge in general terms, without quoting its language. This assignment is a flagrant violation of Rule 26, which requires that "each error relied on must be specified particularly and by itself"; and it also infringes Rule 27, which prescribes that the part of the charge assigned for error "must be quoted ipsissimis verbis in the specification." This assignment will therefore not be considered.

In assignments from seventeen to twenty, inclusive, it is alleged that the court below erred in failing to call the attention of the jury to certain matters set forth in the respective assignments. These specifications, however, show no requests for such instructions and no exceptions to the failure of the trial judge to give them. In Kaufman v. Pittsburgh, Etc., R. R., 210 Pa. 440, we said (p. 445) : "Error cannot be assigned of what was not said by the trial judge, without a request so to charge." Rulings to the same effect are found in Murtland v. English, 214 Pa. 325, and Newingham v. Blair Company, 232 Pa. 511.

The twenty-second, twenty-fifth, twenty-eighth, twenty-ninth and thirtieth assignments of error, are to the admission or rejection of documentary evidence. These assignments do not contain copies of the papers referred to, although they are printed in the appendix. The proper practice is to embody in the assignment, in so far as may be practicable, a copy of the documentary

evidence, the admission or rejection of which is alleged to be error.

The twenty-third assignment of error, which does not show the offer of testimony which was rejected, and the thirty-second assignment of error which does not contain the testimony admitted, are both in violation of Rule 28.

The thirty-first, thirty-seventh and thirty-eighth assignments show no exception taken to the action of the court below in the matters of which complaint is made. These assignments cannot therefore be considered: Com. v. Wilson, 186 Pa. 1; Simpson v. Meyers, 197 Pa. 522.

The fortieth and forty-seventh assignments each contain two exceptions, in violation of Rule 26.

The thirty-sixth assignment shows only one exception, but embraces two points, thus violating Rule 26; and it is also in violation of Rule 28 in that the specification does not quote the evidence which the court refused to strike out.

The remaining assignments relate to the answers to points, and to the admission, rejection or striking out of evidence. We do not deem it necessary to discuss them in detail, as the questions of importance which are pressed in the argument may be considered in the general discussion of the two principal divisions into which the defense falls.

Counsel for appellants argue, in the first place, that they were entitled to binding instructions in favor of the defendants, or to judgment non obstante veredicto, because the claimants failed to prove legal service upon the owner of the premises of notice of their intention to file the lien. In Section 8 of the Act of June 4, 1901, P. L. 431, it is provided that "service (of notice of intention) may be personally made on the owner anywhere, but if he cannot be served in the county where the structure or other improvement is situate, such notice and statement may be served on his architect or agent, or the party in possession of the structure or

other improvement." The contention upon the part of the claimants is, that the owner was admittedly not within the county at the time, and that the notice was properly served on J. H. Docking, who was the agent of the owner, and was the party in possession of the structure against which the claim was filed. This question was submitted to the jury, who found by their verdict that service was made on the agent of the owner, or the party in possession. The only question therefore which can arise upon this appeal in this respect is whether there was sufficient evidence upon this point to justify its submission to the jury.

Under the requirements of the act, the plaintiffs were not bound to prove that the person upon whom the notice was served was the agent of the owner. It was sufficient for them to show that he was a party in possession. This they undertook to do by the testimony of the witness Ingram who served the notice. He said that he went to the Poli Theatre and applied to the ticket seller for information as to the owner. The evidence shows that the ticket seller was herself in possession, under the owner, of a part of the premises; but, according to the testimony of the witness, she designated a man in the room across the corridor as the manager and representative of the owner. This man was apparently in possession of the room, and when accosted, stated that he represented the owner, who was out of town. When the papers were handed to him he examined them and said that he would give them to the owner. Upon cross-examination the witness said that he asked the man to whom he gave the papers what his name was, and the impression of the witness was that he replied, "J. H. Docking." We think the evidence was sufficient to sustain a finding by the jury that the person served was in possession of the premises. "As applied to land, the term (possession) may be employed in the sense of occupancy, with which it is nearly if not quite synonymous, and which has been said to be its

ordinary meaning:" 31 Cyc. 925. "Actual possession, or possession in fact, exists where the thing is in the immediate occupancy of the party:" 28 Am. & Eng. Ency. Law (2d Ed.) 238. Where, as in this case, it is shown that the ticket seller, who was the admitted agent and employee of the owner, and was on the premises, in discharge of her duty, stated that the owner, who was a nonresident was out of town, and pointed out a person as "his manager and representative," and that person who was apparently in possession of a part of the building, acknowledged himself to be the representative of the owner, we are satisfied that the evidence was sufficient to justify its submission to the jury on the question of whether or not the person was a "party in possession." It is true that the trial judge submitted to the jury the question whether the notice was served on J. H. Docking. The evidence as to the identity of the man was not very satisfactory. The witness Ingram could only say that it was his impression that the man served gave his name as J. H. Docking; but he could not be positive as to this. If the service was really made on Docking, it was unquestionably good; for he admittedly was Poli's agent. But under the provisions of the Act of 1901, it was not necessary to show service on the agent of the owner. Service on a "party in possession" was sufficient. The act further provides that if no architect, agent or other party in possession be found, service may be made by posting the notice on the most public part of the structure or other improvement. Whether or not the man upon whom the notice was served was named Docking, was immaterial. It was a sufficient compliance with the statute if he was a party in possession. That he was such a party was established by the verdict of the jury.

While the principal contract between the owner and Ricca provided that the building should be completed by December 1, 1906, and the contract with claimants contained a similar provision, the work was not act-

ually finished until August 31, 1907, nine months later. The contract between Merritt & Company and Ricca, provides that inasmuch as the latter must finish the building within the time specified, under penalty of fifty dollars per day thereafter, "said Merritt & Co. will be liable to above penalty for all delays caused by them." Under this provision the defendants sought to charge Merritt & Company with penalties for delay amounting in the aggregate to more than their claim. Clearly, under the language of the contract, the penalties with which Merritt & Company may be chargeable are not for any and all delays in the completion of the work, but only for "delays caused by them." Plaintiffs contended that the delay was owing to the failure of the principal contractor to erect the walls in time for them to put up the steel work under their contract, and also by his failure to heat the building, to remove ice and water from the cellar, to take down scaffolding, &c. Much contradictory evidence was offered in the effort to fix responsibility for the delay, and questions of fact were raised which could be determined only by the jury. It is also contended on the part of the plaintiffs that the final certificate given by the architect to Ricca, the principal contractor, is conclusive as to the right to recover without deduction for delay. It is very doubtful, however, whether the arbitral clause conferred jurisdiction upon the architect to determine the question of damages for delay. In Ruch v. York, 233 Pa. 36, it was held that under a similar clause no such authority was conferred upon the arbitrator. But we are clear that in the present case the contract imposes no penalty upon the sub-contractors, except for delay caused by themselves. The question whether or not the claimants had caused delay in the completion of the building was submitted to the jury, and the verdict was in favor of the contention of the plaintiffs, although they were not awarded the full amount of their claim. The trial judge also submitted to the jury the question whether it did

not appear from certain declarations and statements of
the principal contractor that he had waived compliance
with the stipulation of the contract as to the time of
completion.   There was evidence from which the jury
might have found such a waiver, even though they were
satisfied that some of the delay was chargeable to plain-
tiffs.   The entire controversy in this respect was one of
fact.   The verdict rendered by the jury was for a sum
somewhat less than two-thirds of the amount of plain-
tiffs' claim, showing that, for some reason, a consider-
able abatement was made by the jury.   We find in the
record no substantial error, and nothing which would
justify a reversal.

The assignments of error are overruled, and the judg-
ment is affirmed.