# Fornof *v.* Wilkinsburg Borough, Appellant.

*Road law—Change of grade—Evidence.*

1. In an action against a borough to recover damages resulting from a change of grade of a street, it appeared that the borough had ordered two changes of grade, but that the plaintiff was suing for damages arising only from the second change. The plaintiff offered evidence relating to the first change of grade, but only for the purpose, as stated by counsel, to make plain to the jury the whole situation, and not for the purpose of claiming damages for the first change of grade. The court in its charge explained the purpose of the admission of the testimony and expressly told the jury that in considering the question of damages they should confine their attention to the condition of the property immediately prior to the second change of grade. The jury viewed the property. *Held,* that the admission of evidence as to the first change of grade was not error.

2. In such a proceeding, where the evidence is conflicting as to whether the curb set by the borough was at a grade different from that established by the ordinance, it is not error for the court to instruct the jury that in determining the damages they might consider the actual grade at which the curb was set, if they found that it was in fact different from that established by the ordinance.

*Appeals—Assignments of error—Evidence—Exceptions nunc pro tunc.*

3. An assignment of error to the admission of testimony is defective if it fails to embody the testimony admitted under the objection and ruling of the court set out in the assignment.

*Practice C. P.—Exceptions—Failure to note—Petition to grant exceptions nunc pro tunc—Act of May 11, 1911, P. L. 279.*

4. A refusal by the trial judge to grant exceptions nunc pro tunc to certain rulings upon evidence will not be reversed, where the court below has found as a fact that no exceptions were requested at the time of the trial. The Act of May 11, 1911, P. L. 279, does not change the practice requiring counsel to request an exception in the presence and hearing of the trial judge immediately succeeding a ruling.

Argued Nov. 1, 1912. Appeal, No. 81, Oct. T., 1912, by defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1907, No. 163, on verdict for plaintiff in case of

Minnie Fornof v. Wilkinsburg Borough.  Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Appeal from award of jury of viewers.  Before MAC-FARLANE, J.

At the trial plaintiff offered to prove by W. H. Beala-feld that he built a number of houses, and that he gave his assistance to his sister and his brother-in-law in the building of the houses in question in this case; that the houses were built originally to correspond—after receiving the grade from the borough at the time—the houses were built to suit the ideas of the builders to how high they should be above the grade; that a few years afterwards, in 1889, the Borough of Wilkinsburg changed the grade of Penn avenue, raising the grade in front of this property so that it threw the pavement upon the belt course at the eastern end of the property, for a few inches on the belt course, and extending over about one-third of the way across the building, diminishing to nothing; that the pavement in front of the building was then laid by the plaintiff to accommodate the buildings and that change of grade; that then came this second change of grade, for which the present action is brought, and that the plaintiff is now required to raise her pavement five or six inches higher to accommodate this second change of grade.  This for the purpose of laying the whole situation before the jury, and to show that at the first change of grade the pavement was laid as high on the building as it could be laid without considerable damage to the property; for the purpose, as stated, of giving to the jury the full information as to the situation of the property at the time this second change of grade was made.

By the Court: Let me get your idea.  Is it merely offered in that way to show that, as far as it was raised at the other change of grade, that practically that was all right, but that it was done as far as it could be done?

By Mr. McGirr: We don't claim any damages, anyhow. We let it go.

By the Court: That is not what I mean. As far as the damage to the physical condition of the property, as it was before, it was all right?

By Mr. McGirr: Yes, sir.

By the Court: I think, in view of the testimony, that is all right.

By Mr. Hindman: I would like your honor to give me an exception to it, for the reason it proposes to show the condition of this property as existing in 1889, or sixteen years prior to the date of the improvement for which damages are sought in this proceeding, and as immaterial, irrelevant and inadmissible.

By Mr. McGirr: Plaintiff desires to add, however, that this is not offered for the purpose of claiming any damages prior to 1905, but the claim for damages is restricted to the second change of grade, which occurred in 1905.

Objection overruled. Exception. (1)

Defendant offered these points:

3. If the jury finds that a sidewalk in front of plaintiff's property could have been laid to conform to the grade of the curb as established by the borough in its ordinance duly passed in 1903, in accordance with which the improvement in question was made, then any damage sustained by the property by reason of the failure of the plaintiff to lay such sidewalk, must be borne by the plaintiff and is not an element of damage to be considered in this suit.

Answer: This is affirmed, with the explanation that by the words 'grade of the curb' is meant 'grade at the curb,' and unless the jury find that the curb was set at a different grade from that established by the ordinance. If you do so find then the curb so set is the grade and not the ordinance. The purport of that point is that if the sidewalk could have been built in accordance with the borough ordinance, a slope of three inches down to

whatever the grade point is, as you find, her not having done so in these last years would not be the fault of the borough, and if the water seeps down through that she would not be entitled to that as an element of damages. (2)

4. The grade of the curb in front of the plaintiff's property as established by the ordinance of the borough, duly passed in 1903, is the correct grade of the curb, and the only grade which the jury can consider as determining the grade of the sidewalk to be laid in front of plaintiff's property."

Answer: Affirmed, with the explanation that by the words 'grade of the curb' is meant the 'grade at the curb line,' unless the jury find that the curb was set at a different grade from that as established by the ordinance. If you do so find, then the curb as set is the grade and not the ordinance. (3)

Verdict and judgment for plaintiff for $3,500.00. Defendant appealed.

*Errors assigned* were (1, 4) rulings on evidence quoting the bill of exceptions; (2, 3) instructions as above; (5, 6) refusal to grant exceptions nunc pro tunc.

*James E. Hindman,* with him *W. B. Rodgers,* for appellant, cited as to the refusal to grant exceptions nunc pro tunc: Morrison v. Nevin, 130 Pa. 344; Brennan v. Ins. Co., 148 Pa. 199; Collins v. Leafey, 124 Pa. 203; Mintzer v. Greenough, 192 Pa. 137; Hinnershitz v. Traction Co., 206 Pa. 91.

*F. C. McGirr,* with him *John Marron,* for appellee, cited as to the refusal of exceptions nunc pro tunc: Guillou v. Redfield, 205 Pa. 293; Com. v. Van Horn, 188 Pa. 143; Mead v. Pittsburgh, 194 Pa. 392; Dawson v. Pittsburgh, 159 Pa. 317.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

The plaintiff claimed damages for a change of grade affecting certain real estate owned by her in the defendant borough; she recovered a verdict and the defendant has appealed. It appeared at the trial that a grade had been established for the sidewalk in front of this property in 1889 and that the plaintiff had conformed thereto; further, that the borough had by an ordinance passed July 15, 1903, ordered another change, which was made in 1905. The plaintiff's claim was for damages arising from this latter change, but up to the time of trial she had not made her sidewalk conform to the grade thereby established.

The first specification of error complains of the admission of testimony concerning the prior change of grade. The appellant contends that the real question before the jury was the effect of the grade made pursuant to the ordinance of 1903, and that the prior change had no bearing thereon. However this may be, we do not see how the rulings complained of could have prejudiced the defense. When the testimony was tendered counsel for the plaintiff stated that its only purpose was to make plain to the jury the whole situation (particularly to show how it happened that the sidewalk in front of the plaintiff's buildings was high at one corner), and that the testimony was not offered for the purpose of claiming any damages caused by changes in the grade made prior to 1905, adding, "the claim for damages is restricted to the second change of grade, which occurred in 1905"; moreover, the court in its charge to the jury fully explained the admission of the testimony and expressly told them that in considering the question of damages they should start with the condition of the property just prior to the change in 1905, and that they might not give any damages for the condition brought about by the alteration of the grade in 1889. The jury viewed the property, and there is a strong probability

that the testimony concerning the prior change of grade, together with the express statement of purpose made by counsel for the plaintiff and the specific instructions given by the court, tended to protect rather than to harm the defendant's interests. The assignment is overruled.

The second and third specifications of error refer to the answers given by the trial judge in affirming defendant's third and fourth points; the appellant contends that they should have been affirmed without qualification. Both of these points made reference to "The grade of the curb as established by the borough in its ordinance duly passed in 1903," and in the answers the court explained to the jury that if they found as a fact that the curb was set by the borough at a grade different from that established by the ordinance then they should take the actual grade at which the curb was set. In view of the fact that there was a conflict in the testimony given by the engineers and surveyors called by the plaintiff and the defendant respectively as to whether or not the curb had been laid on the exact grade provided in the ordinance, the explanation made by the court qualifying the affirmance of the points in question was appropriate and proper. The assignments are overruled.

The fourth specification of error goes to a ruling of the trial judge admitting certain testimony of a witness on behalf of the plaintiff concerning the lines of a survey. The assignment states the questions leading up to the defendant's objection, the form of the objection and the ruling of the court, but it fails to embody the testimony given thereunder; hence, it is defective, for it is impossible to determine from the assignment itself whether or not harmful error was committed. (See Rule 28 and Sopherstein v. Bertels, 178 Pa. 401, 408; Raymond v. Schoonover, 181 Pa. 352, 357; Com. v. Heidler, 191 Pa. 375; Merritt v. Poli, 236 Pa. 170, 175). While we will not further discuss or formally pass upon this assignment, we may say that we have examined the

testimony and do not find reversible error.    The assignment is dismissed.

The fifth and sixth specifications of error complain of the refusal to grant exceptions nunc pro tunc to certain rulings upon the evidence.    In an opinion filed by the learned court below disposing of this matter it is correctly stated, "The stenographer's notes do not show an exception, the petition is not positive that it was asked and the answer filed is that the request was not made. The only conclusion on this state of the record is that an exception was not asked."    Under the circumstances, we cannot say that there was error in refusing to grant the exceptions nunc pro tunc after trial, verdict and judgment.    The office of an exception to a ruling upon the admission or rejection of testimony is an important one.    When the trial judge rules upon an objection and the ruling is not excepted to, he has a right to assume that it is acquiesced in, and thereafter to guide the trial accordingly.    If counsel does not assent to the ruling he should promptly ask for an exception; this serves to put the trial judge upon immediate notice that his ruling is not acquiesced in, as well as to secure the right to a future review: Merritt v. Poli, supra, 175.    The Act of May 11, 1911, P. L. 279, does not attempt to change the practice in this respect; thereunder counsel is obliged to request an exception immediately succeeding a ruling, and this must be done in the presence and hearing of the trial judge.    It is not necessary, for the purposes of the present case, to decide more concerning the act in question.    The court below has found that no exceptions were requested at the time of trial, and that is conclusive. These assignments are overruled.

The judgment is affirmed.