# Ellsworth *v.* Bradford County Poor District, Appellant.

*Appeals—Assignments of error—Paper-books—Order of subjects—Charge—Exceptions—More than one point.*

1. The order of the subjects as specified in rule XVII should be followed in making up a paper-book.

2. The appendix to appellant's paper-book should contain the præcipe, writ, or plea of the defendant in full.

3. An assignment of error violates rule XV which sets forth excerpts from the charge, but does not inclose such excerpts in the printed charge with the number of assignments noted. The assignments should show that exceptions to such excerpts were taken before a verdict, or a bill sealed.

4. An assignment of error violates rules XIV and XV which merely sets forth: "That the charge of the court as a whole was misleading and inadequate, and did not present all of the material questions, nor the full case to the jury which should have been submitted to them."

*Poor law—Contract with poor district—Maintenance of pauper in plaintiff's home.*

5. In an action against a poor district to recover for the maintenance of a pauper in plaintiff's home under a contract with the poor district, where the defendant claims that it should not be charged for the time following an alleged refusal of the plaintiff to permit the removal of the pauper, the case is for the jury where the issue involves disputed testimony as to the opinion of the defendant's doctor on the propriety of the pauper's removal, and as to what was said by the doctor to the plaintiff as to the removal.

Argued Nov. 20, 1912. Appeal, No. 208, Oct. T., 1912, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1910, No. 271, on verdict for plaintiff in case of Dayton F. Ellsworth v. Bradford County Poor District. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover for the board of an indigent person. Before SEARLE, P. J., specially presiding.

The opinion of the Superior Court states the facts.

604   ELLSWORTH *v.* BRADFORD DIST., Appellant.

Statement of Facts—Opinion of the Court.   [52 Pa. Superior Ct.

Verdict and judgment for plaintiff for $484.77.   Defendant appealed.

*Errors assigned* were (1–8) various extracts from the charge, and (9) that the cause was misleading, etc.

*Rodney A. Mercur,* county solicitor, for appellant.

*W. P. Wilson,* of *Lilley & Wilson,* for appellee.

OPINION BY MORRISON, J., February 27, 1913:

This is an appeal by the defendant from a judgment in an action of assumpsit.   The appellee's counsel moved to quash the appeal for the reason that the appellant's paper-book is in violation of the rules of this court in several particulars.   First, the paper-book violates Rule XVII in that it disregards the said rule as to the order of the subjects required to be set forth.   We find, on examination of the paper-book, that there is merit in this objection.   It is also objected that the appendix does not contain the præcipe, writ or plea of the defendant which are a part of the pleadings in full which ought to have been printed.   The assignments of error are not in conformity with Rule XV.   The first eight assignments are to portions of the charge, but the excerpts assigned as error are " not inclosed in brackets in the printed charge with the number of the assignments noted," and none of them show that an exception was taken before verdict or a bill sealed.   The ninth assignment is: "That the charge of the court as a whole was misleading and inadequate and did not present all of the material questions nor the full case to the jury which should have been submitted to them."   This assignment is in violation of Rules XIV and XV in that it embraces more than one point, the charge is not quoted ipsissimis verbis in the specification, and it does not show that an exception was taken before verdict or bill sealed, and it does not even refer to the page in the paper-book where the charge may be found printed in full.

In Com. v. Reed, 234 Pa. 573, Mr. Justice POTTER, speaking for the Supreme Court, said: "In the 13th, 14th, 15th and 16th assignments of error, the charge is criticised in general terms, but no part of it is quoted ipsissimis verbis in the specifications, as required by Rule XXVII. These assignments will therefore be disregarded." Rule XXVII of the Supreme Court is the same as our Rule XV.

In Merritt v. Poli, 236 Pa. 170, it was held as stated in the syllabus: "Assignments of error will not be considered which show no exception taken to the action of the court below in the matters of which complaint is made." See also Gilmore v. R. R. Co., 104 Pa. 275.

Notwithstanding the motion to quash and the reasons filed we decided to hear the case on its merits and decide the motion to quash later. Upon the argument and consideration of the case we were all of the opinion that the judgment ought to be affirmed and, therefore, we allowed the appellant's counsel to amend his paper-book as to some of the flagrant errors and we will determine the case on its merits. But it will not be prudent for counsel to assume that, if there had been sufficient error in the record, the judgment would have been reversed on the appellant's paper-book as it was furnished to us.

The action was brought to recover for the boarding and care of Mrs. Frank Cook for a considerable length of time after she became sick at the plaintiff's house and the poor directors agreed to compensate the plaintiff for such board and care and he performed his part of the agreement until Mrs. Cook died. The price which the plaintiff was to receive was not agreed upon and, therefore, one of the questions involved was what the care and board was reasonably worth. The defendant did not deny liability for a portion of the time for which the plaintiff claimed compensation, but the defense was that at a certain date the overseers of the poor directed Ralph Cook to go to the plaintiff's house with Dr. Inslee and if the doctor pronounced Mrs. Frank Cook able to be re-

moved, to remove her from the home of the plaintiff, and the defendant further contended that the plaintiff refused to permit the removal of Mrs. Cook and, therefore, his right to recover after the date that Ralph Cook and Dr. Inslee went to the house to remove the patient was resisted. An examination of the charge of the court convinces us that the right of the plaintiff to recover for the full time that he took care of Mrs. Cook depended on disputed questions of fact, and in our opinion the charge of the court to the jury adequately and impartially submitted all of the disputed questions of fact to that body, and a careful consideration of the charge fails to convince us that the defendant has any just ground of complaint in respect thereto.

The burden of the argument on the part of the appellant is that Dr. Inslee and Ralph Cook were sent to the plaintiff's house to remove Mrs. Frank Cook and that they did not agree to permit her to remain there, but, on the contrary, the doctor gave it as his opinion that she was fit to be removed. But this argument overlooks the fact that Dr. Inslee was sent there to determine whether or not Mrs. Cook could be removed, and while there is some evidence that he thought she could be removed there is other evidence that he told her, in substance, that if she did not feel able to go she might remain where she was. Now we understand from the evidence that Ralph Cook had no authority to determine as to the fitness of Mrs. Cook for removal, and in view of the evidence as to what the doctor said we think the court below was fully warranted in referring to the jury the question as to whether or not the plaintiff was justified, after what the doctor said, in believing that the defendant intended to leave Mrs. Cook with the plaintiff. It is evident that the jury found that the doctor did not determine to have Mrs. Cook removed and that the plaintiff so understood the matter and that he did not prevent the defendant from removing Mrs. Cook, and if the jury so found then the plaintiff was entitled to a verdict for the reasonable

value of the boarding and care of Mrs. Cook for the entire period during which she remained at his house.

The assignments of error are all dismissed and the judgment is affirmed.