## Alliance Borough, Appellant, *v.* Schwartz.

*Municipal liens—Curbing—Mistake as to number of ordinance—Amendment.*

Where a borough files a lien against a property for curbing, but the lien misstates the number of the ordinance under which the improvements were authorized, and the mistake is not noticed either in proceedings to strike off the lien or at the first trial, but is noticed at the second trial after the proper ordinance had been put in evidence, and objection is then made, it is the duty of the trial court to permit the lien to be amended so as to show the true number of the ordinance in accordance with the proofs.

Argued March 12, 1913. Appeal, No. 24, Oct. T., 1912, by plaintiff, from judgment of C. P. Northampton Co., Nov. T., 1908, No. 7, on verdict for plaintiff in case of Alliance Borough, now Northampton Borough, v. Frank B. Schwartz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Scire facias sur municipal lien. Before SCOTT, P. J.
The facts are stated in the opinion of the Superior Court.
Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in refusing to permit the lien to be amended, and (2) in giving binding instructions for defendant.

*E. J. Fox*, with him *J. W. Fox* and *Thomas D. Danner*, borough solicitor, for appellant.—The amendment should have been allowed: Philadelphia v. Presbyterian Congregation, 16 Pa. Superior Ct. 65; Allentown v. Hower, 93 Pa. 332; Thirsk v. Evans, 211 Pa. 239; Warren v. Johnston, 33 Pa. Superior Ct. 617; May v. Mora, 50 Pa. Superior Ct. 359; Philadelphia v. Kehoe, 22 Pa. Superior Ct. 320.

*W. S. Kirkpatrick*, of *Kirkpatrick & Maxwell*, with him *Smith, Paff & Laub*, for appellant, cited: Erie v. Willis,

26 Pa. Superior Ct. 459; Philadelphia v. Miller, 2 W. N. C. 302.

OPINION BY HEAD, J., April 21, 1913:

In 1906 the plaintiff borough filed a municipal lien for the purpose of enforcing the payment, by the defendant, of something over $200 for curbing and guttering in front of his property, he having refused, after notice, to do the work himself as he had been required to do by the terms of an ordinance of the said borough.

The fourth clause of sec. 11 of the Act of June 4, 1901, P. L. 364, requires that such lien shall state upon its face, inter alia, "the authority under, or by virtue of which, the tax was levied or the work was done." After describing the property, stating the amount claimed and the character of the work done, that the owner had neglected and refused to curb and gutter within thirty days after notice, the lien declared "the said improvement was made by the borough of Alliance under and by virtue of an ordinance of the said borough . . . . and in pursuance of an Act of Assembly approved the 3d of April, 1851, and its supplements." The pleader, not content with thus averring in general terms the authority under which the work was done, undertook to specify more particularly the ordinance authorizing it. In so doing he referred to the ordinance by its number, eighty-eight, and its title. In point of fact it was ordinance No. 72 which authorized and required the curbing and guttering to be done on the particular street on which the defendant's property abutted. Ordinance No. 88 referred to was of the same general character and scope as No. 72 but covered other streets or sections of the town and did not embrace the street on which the defendant's property was located, that having already been covered by ordinance No. 72.

Shortly after the filing of the lien there was a motion to strike it off on various grounds, none of which raised any question as to the mistake that had been made in

reciting ordinance 88 instead of ordinance 72 as the authority for doing the work. That motion having been finally disposed of by the refusal of the court to strike off the lien, a scire facias issued to which defense was made on a number of grounds, but again no question was raised as to the mistaken recital of the ordinance. The case was tried through and the learned court below, not being satisfied with the result, awarded a new trial.

On the second trial the plaintiff, in its case in chief, offered in evidence ordinance No. 72 which was in fact the one that authorized the particular work to be done. A number of objections were made to its admission, but they all raised questions as to the passage of the ordinance and its certification. No one of them made any allusion to the fact that the ordinance offered was not the one referred to in the lien. The objections were overruled and the ordinance admitted. The plaintiff rested and the defendant offered its defense outlined in its affidavit and pleas. During the course of the defense it seems to have been for the first time discovered that a mistake had been made in the lien and that the ordinance therein recited did not authorize the work which had been done although the ordinance then actually in evidence did. After some considerable discussion the counsel for the plaintiff filed a petition asking leave to amend the lien so as to substitute therein ordinance No. 72 which authorized the work and which had already been received in evidence without objection on the ground we are now considering. The learned judge refused the amendment and directed a verdict for the defendant upon ·which judgment was entered. This appeal followed.

The statutory requirement of a valid lien made it necessary that it should show upon its face the authority under which the work was done, but it has always been held that such averment might be made in general terms and need not disclose the evidence that will be offered in support of the averment. It was said by Mr. Justice Mitchell in Philadelphia v. Richards, 124 Pa. 303: "The

authority to do the work claimed for may be averred in general terms, though the plaintiff will be required at the trial to prove the specific authority conferred." The act of 1901 already referred to and the companion act of the same year relating to mechanics' liens indicate the intention of the legislature that amendments which do not go to the substitution of a new property, or a new party, but the effect of which is to facilitate a trial upon the merits, should be of right and freely allowed. This is not only the spirit of the statutes themselves but of the decisions following and construing them: Thirsk v. Evans, 211 Pa. 239; May v. Mora, 50 Pa. Superior Ct. 359.

It may be said that the litigation over this lien has already been long and expensive and that the plaintiff borough at this late date ought not to be permitted to file an amendment which would result in a retrial of the case. But it is also to be observed that the defendant was under no obligation at the late date already indicated to raise a question which could have been raised at the earliest stage of the litigation and which in no way affected any defense he may have had to the claim on its merits.

We are of the opinion the amendment should have been allowed and that the right of the borough to recover, if otherwise entitled, should not be lost by reason of the oversight or carelessness of its official in mistaking the number of the ordinance under which the work was done.

The judgment is reversed and the record remitted to the court below with direction to allow the amendment prayed for and thereupon a procedendo is awarded.

### SUR MOTION FOR REARGUMENT

Head, J.:

Among the docket entries in the case we find the following: "Jan. 12, 1912, petition for an order of court allowing amendment, etc., presented, read and filed. Eo die, disallowed for reasons stated orally to stenographer and which will be found in the transcript. Scott, P. J." At the argument in this court leave was asked to file an addi-

tional assignment of error especially directed to the ruling quoted. Objection was made on the single ground that the leave prayed for would be unavailing because, as no exception was noted at the time the order complained of could not be assigned for error. Being then of the opinion that the order had been made a part of the record by the action of the court below and therefore no exception was required, we permitted the assignment to be filed.

It is now urged upon us in the petition for a reargument, that the Supreme Court has declared our action erroneous, and Merritt v. Poli, 236 Pa. 170, and Fornof v. Wilkinsburg, 238 Pa. 620, are cited in support of the contention. We do not regard either of them as controlling the question presented by this record. On the contrary, the most recent utterance of that court (Fisher v. Leader Publishing Co., 239 Pa. 200), as we view it, supports the conclusion we reached. There the motion to amend was filed after verdict and with a motion for a new trial. No judgment had yet been entered; the cause was still pending. Mr. Justice POTTER said: "As the motion to amend in this case was not made during the course of the trial, but afterwards, and as the decision of the court refusing to permit the plaintiff to amend his statement appears in the proceedings, it was not, under the provisions of section 6 of the act of May 11, 1911, necessary for the purpose of review of that decision, to take any exception thereto." If the order in that case, made as and when it was, became part of the record, we cannot think a fair construction of the statute would deny to this appellant the right to review the order here complained of.

The petition for a reargument must therefore be denied.