## Dalrymple v. Philadelphia Suburban Cleaners

*John R. Graham,* for plaintiff.

*James B. Robertson* and *James N. Robertson,* for defendant.

TOAL, J., March 15, 1948.—Plaintiff obtained a judgment in assumpsit, before a justice of the peace, against defendant. The cause of action was to obtain compensation for damage to certain clothing belonging to plaintiff's wife. Defendant filed an appeal in the

court of common pleas as of no. 384, December term, 1946, on January 8, 1947. The complaint in this case was filed of record January 2, 1948, and was, therefore, filed within one year after the action was brought, as is intended by the Delaware County Rule of Court No. 184 (non pros).

The court is of the opinion that the above-mentioned rule does not apply when a complaint has been filed and served within a year of defendant's appeal from the judgment of the justice of the peace. It has been held that there is no right of non pros where a statement has been filed before actual entry of the non pros: Byrne v. McCann, 24 Dist. R. 1070; McElroy v. Reading, 7 Phila. 433. The rule of court applies only where no statement of claim has been filed and not where a defective statement has been filed. In the case of The Susquehanna Mutual Fire Insurance Co. v. H. J. Clinger, 10 Pa. Superior Ct. 92, 101, there was a rule of court allowing a non pros to be entered where no declaration was entered in two years. Defendant filed a defective declaration after the expiration of two years, but before a rule of non pros issued. The court said:

"It is very clear to us that the rule of court relied on to justify the entry of a non pros was not intended to apply to a case with the record as it was in this case. It applies where there has been no declaration or statement filed."

The action before the justice of the peace in the present case was in assumpsit, and plaintiff's complaint filed in this court was in trespass. Defendant maintains that because the action originally was in assumpsit, and the complaint was issued in trespass, that the complaint is defective, and, therefore, it is the same as if no complaint had ever been filed. The court cannot agree with this contention, and the rule for a judgment of non pros must be discharged.

Defendant also filed certain preliminary objections to the complaint and these objections may be summarized as follows: That the complaint as filed, shows the parties to be Frances R. Dalrymple, plaintiff, v. J. Matheson, individually and trading as Philadelphia Suburban Cleaners, defendant; that the complaint is based on an action in trespass, not assumpsit, and that plaintiffs in the case as it was appealed from the judgment of the justice of the peace and plaintiff in the complaint are not the same. Also that defendant in the case as appealed from the judgment of the justice of the peace and that in the complaint are not the same. Further, that the cause of action in the case as appealed and that in the complaint are not the same.

An examination of the record discloses that the case before the justice of the peace was in assumpsit and that the parties were Benjamin Dalrymple v. J. Matheson, trading as Philadelphia Suburban Cleaners. Plaintiff's complaint as filed discloses that the parties are named therein as Frances R. Dalrymple v. J. Matheson, individually, and trading as Philadelphia Suburban Cleaners, defendant, and that the action is in trespass. It, therefore, appears that named plaintiffs are not the same persons; that defendant is the same but that the cause of action in the appealed case is assumpsit and the cause of action in plaintiff's complaint as filed is in trespass.

Plaintiff has asked the court for leave to amend his complaint so that he may change the action as set forth in the complaint to assumpsit and also that he may amend the complaint so that it will show the same named plaintiff as that shown in the transcript of the justice of the peace.

The statutes of amendments are principally intended to correct matters of form standing in the way of a determination of the merits of a pending litigation: Ebersoll v. Krug, 5 Binney 51; Farmer's and

M. Bank v. Israel, 6 S. & R. 293; Burk v. Huber, 2 Watts 306. It may be laid down as a broad general principle that a mistake or improper averment may be amended according to the truth: Palmer v. Potomac Ins. Co., 22 Del. Co. 562. These statutes extend the power of the courts in permitting amendments to every informality which will "affect the merits of the case" in controversy; and they are to be construed liberally so as to prevent the defeat of justice through mere mistake. They are not confined to mere matters of form. Amendments of the statement are allowable as to matters which will affect the merits of the cause so long as the proposed amendments do not attempt to introduce new distinct causes of action: Cassel v. Cooke, 8 S. & R. 268; 11 Am. Dec. 610; Newlin v. Palmer, 11 S. & R. 98. Amendments, the effect of which are to facilitate a trial upon the merits should be of right and freely allowed: Alliance Borough v. Schwartz, 53 Pa. Superior Ct. 448. The court is of the opinion that he should be permitted to amend the complaint to conform with the record as it is set forth in the transcript of the justice of the peace.